1  BRUCE D. GOLDSTEIN #135970
   County Counsel
2  ALEGRÍA G. DE LA CRUZ # 229713
   Alegría.DeLaCruz@sonoma-county.org
3  Chief Deputy County Counsel
4  CHRISTOPHER W. MAGAÑA #287256
   Christopher.Magana@sonoma-county.org
5  Deputy County Counsel
6  County of Sonoma
   575 Administration Drive, Room 105A
7  Santa Rosa, California 95403
   Telephone: (707) 565-2421
8  Facsimile: (707) 565-2624
9
   Attorneys for Defendants
10 SONOMA COUNTY; SONOMA COUNTY
11 COMMUNITY DEVELOPMENT
   COMMISSION
12

13            **UNITED STATES DISTRICT COURT**
14
           **NORTHERN DISTRICT OF CALIFORNIA**
15
             **SAN FRANCISCO DIVISION**
16

17 | NICHOLLE VANNUCCI, ELLEN | Case No. 18-CV-01955-VC |
18 | BROWN, and SHANNON HALL, | |
   | individuals; and HOMELESS ACTION!, | |
19 | an unincorporated association, | |
   | | **DEFENDANTS COUNTY AND** |
20 | Plaintiffs, | **COMMISSION'S ANSWER AND** |
   | | **AFFIRMATIVE DEFENSES** |
21 | vs. | |
22 | | |
23 | COUNTY OF SONOMA, SONOMA | |
   | COUNTY COMMUNITY | |
24 | DEVELOPMENT COMMISSION, CITY | |
   | OF SANTA ROSA, Does 1 to 10, et al., | |
25 | | |
   | Defendants. | |
26

27

28

# Answer

Defendants County of Sonoma and Sonoma County Community Development Commission (collectively "County Defendants") by and through their undersigned counsel, in response to the Verified Amended Complaint and Supplemental Complaint[1] of Plaintiffs Nicolle Vannucci, Ellen Brown, Shannon Hall, and Homeless Action!, admit and deny Plaintiffs' allegations as follows:

# Preliminary Statement

It is without question that homelessness in Sonoma County, and the greater Bay Area, is a serious issue. But the solution to homelessness is not the continued existence of unsanctioned homeless encampments, like those that arose on the Roseland Village site and along the Joe Rodota Trail. Tents and tarpaulins, by their nature, are not suitable for long-term human habitation, nor do they provide adequate housing accessibility to those with physical and mental disabilities.

To address the Roseland Village encampment, the Commission brought together service providers from across the County's homeless system of care, including its non-profit partners, to create an onsite Housing Navigation Center with intensive health and human services resources. The Homeless Outreach Service Team (HOST), a program funded in part with the City of Santa Rosa, staffed the Navigation Center full-time for the six weeks the Center was open to provide housing assessments and appropriate placement offers to encampment residents, including those with physical and mental disabilities. Following the closure of the Roseland encampment, HOST provided additional services to homeless individuals living along the nearby Joe Rodota Trail.

---

[1] Plaintiffs filed a Verified Amended Complaint on June 1, 2018 (ECF No. 46) and a Supplemental Complaint on June 17, 2018 (ECF No. 68). The Supplemental Complaint is styled, and numbered, as a standalone complaint. While the VAC is the operative document, County Defendants' Answer tracks the sections and paragraph numbering in the Supplemental Complaint.

—2—

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

1   County Defendants' efforts were both aided and frustrated by self-described
2   homeless advocates, including Plaintiff Homeless Action! Without basis, advocates
3   alleged that there were not enough shelter beds and they discouraged homeless
4   individuals from accepting assistance from County Defendants with the twin false
5   promises that if enough people declined services, County Defendants would be
6   forced either to sanction homeless encampments or to issue individual motel
7   vouchers to residents. As part of the Roseland closure, Homeless Action! members
8   sowed confusion by packing the belongings of encampment residents in moving vans
9   and transporting the belongings to undisclosed locations. This action separated
10  encampment residents from their possessions, in some cases permanently. Despite
11  these challenges, 63 residents of the Roseland encampment accepted temporary
12  housing, and an additional 12 people were permanently housed—including former
13  plaintiffs Deborah Drake, Samantha Jenkins, and Robert Steven Singleton.

14  County Defendants utilize a "Housing First" strategy that seeks to quickly
15  resolve homeless episodes by lowering the barriers to entering shelters, which
16  includes the elimination of "dry" shelters and permitting pets in shelters; placing
17  people into permanent housing; and providing "wrap-around" services to help
18  ensure stability. County Defendants recognize that emergency shelters, such as
19  those offered to some of the residents at the Roseland and Rodota encampments, do
20  not end homelessness, but they improve the safety of people who are homeless by
21  bringing them inside to where they have immediate and direct access to housing
22  and other services.

23  The solution to ending homelessness lies not in sanctioned encampments, but
24  in the provision of more services and more permanent housing. That is why Sonoma
25  County Board of Supervisors adopted a resolution on July 10, 2018 declaring a
26  Homeless State of Emergency in Sonoma County. By doing so, the County will have
27  access to $12 million in emergency funds from the State of California, in addition to
28  funds already budgeted, to bolster and expand the existing system of care. County

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

1    Defendants are focused on permanent housing and investing in adequate structures

2    that are intended for human habitation, rather than temporary measures that

3    would leave homeless individuals at the mercy of tents and tarpaulins to protect

4    them from the elements.

5

## Section titled "Introduction"

6

7          1.      County Defendants admit that the Roseland Encampments were two

8    homeless encampments that until April 20, 2018 were located in Santa Rosa,

9    California on a site owned by the Commission. But they deny knowledge or

10    information sufficient to form a belief as to the truth or falsity of the remaining

11    allegations in paragraph 1 of the Complaint and therefore deny them.

12          2.      Denied. Further, County Defendants object to the characterization of

13    the closure of the Roseland Encampments as a "sweep."

14          3.      County Defendants deny knowledge or information sufficient to form a

15    belief as to the truth or falsity of the allegations in paragraph 3 and therefore deny

16    them.

17          4.      County Defendants admit Plaintiffs asked them to delay closure of the

18    Roseland site. Except as expressly admitted, the County Defendants deny the

19    remaining allegations. Further, County Defendants object to the characterization of

20    the closure of the Roseland Encampments as a "sweep."

21          5.      County Defendants admit they denied Plaintiffs' request to delay

22    closure of the Roseland site. County Defendants further admit that Plaintiffs filed a

23    motion for Temporary Restraining Order seeking to halt closure of the Roseland

24    encampments. Except as expressly admitted, the County Defendants deny the

25    remaining allegations. Further, County Defendants object to the characterization of

26    the closure of the Roseland Encampments as a "sweep."

27          6.      County Defendants admit the Court denied Plaintiffs' Motion for a

28    Temporary Restraining Order and closed the Roseland site on April 19 and 20,

2018. Except as expressly admitted, the County Defendants deny the remaining allegations.

7.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 and therefore deny them.

## Section titled "Jurisdiction and Venue"

8.     County Defendants admit that the Complaint purports to allege claims over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12132 and 42 U.S.C. § 1983. Except as expressly admitted, the County Defendants deny the remaining allegations.

9.     County Defendants admit that the Complaint purports to allege state law and state constitutional claims over which this Court has supplemental jurisdiction under 28 U.S.C. § 1367. Except as expressly admitted, the County Defendants deny the remaining allegations.

10.    Admit.

## Section titled, "Plaintiffs"

11.    County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 and therefore deny them.

12.    County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 and therefore deny them.

13.    County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 and therefore deny them.

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

1        14.    County Defendants deny knowledge or information sufficient to form a

2 belief as to the truth or falsity of the allegations in paragraph 14 and therefore deny

3 them.

4        15.    County Defendants deny knowledge or information sufficient to form a

5 belief as to the truth or falsity of the allegations in paragraph 15 and therefore deny

6 them.

7        16.    County Defendants deny knowledge or information sufficient to form a

8 belief as to the truth or falsity of the allegations in paragraph 16 and therefore deny

9 them.

10        17.    Admit.

11

## Section titled, "Defendants"

12

13        18.    Admit.

14        19.    Admit.

15        20.    County Defendants admit the Commission is responsible for

16 administering the County's Coordinated Entry System. County Defendants admit

17 Coordinated Entry is the system by which homeless individuals access the County's

18 shelter system and other services, including housing placement. Except as expressly

19 admitted, the County Defendants deny the remaining allegations and object to the

20 extent the remaining allegations attempt to state legal conclusions as facts or

21 attempt to summarize federal law, regulations, or both, which exists and speaks for

22 itself.

23        21.    Admit.

24        22.    Admit.

25        23.    County Defendants deny the CDC requested that the police

26 department of Defendant City of Santa Rosa remove Roseland encampment

27 residents and their belongings from the Roseland site if those residents had not

28 vacated by April 3, 2018.

24.     County Defendants deny that the "acts complained of herein," in reference to the Complaint, constitute policies, practices, or customs of the CDC. County Defendants deny any remaining allegations in this paragraph that may be construed as charging allegations against them, and further objects to them to the extent they are argumentative or attempt to state legal conclusions as fact.

25.     County Defendants object to the characterization of the relationship between the County and Commission as "affiliated," as it is vague and imprecise and therefore deny the allegations in paragraph 25.

26.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 and therefore deny them.

27.      County Defendants object to the characterization of the "Santa Rosa Police Department, together with CDC staff and contractors, [as] the agency responsible" and therefore deny the allegations in paragraph 27.

28.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 and therefore deny them.

29.     Admit.

30.     Admit.

31.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 and therefore deny them.

# Section titled, "Procedural History"

32.     Admit.

33.     County Defendants admit Plaintiffs filed a Motion for Temporary Restraining Order on March 31, 2018. County Defendants deny knowledge or

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

1   information sufficient to form a belief as to the truth or falsity of the remaining
2   allegations in paragraph 33 and therefore deny them.

3        34.    County Defendants admit the Court ordered the parties to appear for a
4   hearing on Plaintiffs' motion for a temporary restraining order on April 5 and
5   entered an order temporarily enjoining defendants from enforcing the notice to
6   vacate at the Roseland encampments through the date of the hearing. Except as
7   expressly admitted, the County Defendants deny the remaining allegations in
8   paragraph 34.

9        35.    County Defendants admit the Court asked whether they would
10  consider voluntarily postponing the closure of the Roseland Encampments for
11  twenty-one days. Except as expressly admitted, the County Defendants deny the
12  remaining allegations in paragraph 35.

13       36.    County Defendants admit they scheduled the closure of the Roseland
14  Encampments for April 19, 2018. Except as expressly admitted, the County
15  Defendants deny the remaining allegations in paragraph 36.

16       37.    Admit. County Defendants object to the characterization of the closure
17  of the Roseland Encampments as a "sweep."

18       38.    County Defendants neither admit nor deny the allegations in
19  paragraph 38 as they do not constitute charging allegations against County
20  Defendants. To the extent that such allegations may be construed as charging
21  allegations against County Defendants, County Defendants deny them.

22       39.    County Defendants neither admit nor deny the allegations in
23  paragraph 39 as they do not constitute charging allegations against County
24  Defendants. To the extent that such allegations may be construed as charging
25  allegations against County Defendants, County Defendants deny them.

26
27
28

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

# Section titled "Statement of Facts Previously Pled in the Verified Amended Complaint"

40.     County Defendants admit that Plaintiffs purport to cite figures from the 2014 update to the10-Year Homeless Action Plan for the County of Sonoma, a document that speaks for itself. Except as expressly admitted, the County Defendants deny the remaining allegations in paragraph 40.

41.     County Defendants admit that Plaintiffs purport to cite figures from the 2014 update to the10-Year Homeless Action Plan for the County of Sonoma, a document that exists and speaks for itself.

42.     County Defendants admit that Plaintiffs purport to cite language from the August 9, 2016 Resolution of the City Council of Santa Rosa Proclaiming a Local Homeless Emergency, a document that exists and speaks for itself.

43.     County Defendants admit that Plaintiffs purport to cite language from the August 9, 2016 Resolution of the City Council of Santa Rosa Proclaiming a Local Homeless Emergency, a document that exists and speaks for itself.

44.     County Defendants admit that Plaintiffs purport to cite language from the August 9, 2016 Resolution of the City Council of Santa Rosa Proclaiming a Local Homeless Emergency, a document that exists and speaks for itself.

45.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 and therefore deny them.

46.     County Defendants admit that Plaintiffs purport to cite figures from the 2017 Sonoma County Homeless Point-in-Time Census & Survey, a document that speaks for itself. Except as expressly admitted, the County Defendants deny the remaining allegations in paragraph 46.

47.     County Defendants admit that Plaintiffs purport to cite figures from the 2017 Sonoma County Homeless Point-in-Time Census & Survey and to quote

—9—

1   from the Sonoma County's Homeless Action Plan. Both documents speak for

2   themselves. Except as expressly admitted, the County Defendants deny the

3   remaining allegations in paragraph 47.

4       48.    County Defendants deny knowledge or information sufficient to form a

5   belief as to the truth or falsity of the allegations in paragraph 48 and therefore deny

6   them.

7       49.    County Defendants admit that Plaintiffs purport to quote from the

8   2017 Sonoma County Homeless Point-in-Time Census & Survey. The document

9   speaks for itself. Except as expressly admitted, the County Defendants deny the

10  remaining allegations in paragraph 49.

11      50.    County Defendants deny knowledge or information sufficient to form a

12  belief as to the truth or falsity of the allegations in paragraph 50 and therefore deny

13  them.

14      51.    County Defendants deny knowledge or information sufficient to form a

15  belief as to the truth or falsity of the allegations in paragraph 51 and therefore deny

16  them.

17      52.    County Defendants admit that Plaintiffs purport to quote from the

18  Sonoma County Continuum of Care 2017 report to the federal Department of

19  Housing and Urban Development. The document speaks for itself. Except as

20  expressly admitted, the County Defendants deny the remaining allegations in

21  paragraph 52.

22      53.    County Defendants deny knowledge or information sufficient to form a

23  belief as to the truth or falsity of the allegations in paragraph 53 and therefore deny

24  them.

25      54.    County Defendants deny knowledge or information sufficient to form a

26  belief as to the truth or falsity of the allegations in paragraph 54 and therefore deny

27  them.

28      55.    Admit.

56. Admit.

57. County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 and therefore deny them.

58. County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 and therefore deny them.

59. County Defendants admit that the Coordinated Entry System includes intake, assessment, and placement for homeless individuals. County Defendants further admit that the VI-SPDAT (Vulnerability Index- Service Prioritization Decision Assistance Tool) is one of the assessment tools. Except as expressly admitted, the County Defendants deny the remaining allegations in paragraph 59.

60. County Defendants admit that the Coordinated Entry System uses the VI-SPDAT as one of the tools to determine whether an individual will be placed on the waitlist for emergency shelter and/or transitional housing, for rapid rehousing services, or for permanent supportive housing.

61. County Defendants deny all allegations in paragraph 61.

62. County Defendants deny all allegations in paragraph 62.

63. County Defendants deny all allegations in paragraph 63.

64. County Defendants admit that Plaintiffs purport to quote from the Sonoma County Continuum of Care 2017 report to the federal Department of Housing and Urban Development regarding the description of Samuel Jones Hall. The document speaks for itself. Except as expressly admitted, the County Defendants deny the remaining allegations in paragraph 64.

65. County Defendants deny all allegations in paragraph 65.

66. County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66 and therefore deny them.

1    67.    County Defendants deny knowledge or information sufficient to form a
2    belief as to the truth or falsity of the allegations in paragraph 67 and therefore deny
3    them.

4    68.    County Defendants deny knowledge or information sufficient to form a
5    belief as to the truth or falsity of the allegations in paragraph 68 and therefore deny
6    them.

7    69.    County Defendants deny knowledge or information sufficient to form a
8    belief as to the truth or falsity of the allegations in paragraph 69 and therefore deny
9    them.

10   70.    County Defendants admit the Continuum of Care Coordinated Entry
11   Policies and Procedures references participating agencies' duty to provide
12   reasonable accommodations to individuals with disabilities. Except as expressly
13   admitted, the County Defendants deny the remaining allegations in paragraph 70.

14   71.    County Defendants admit the CDC is aware that many homeless
15   individuals, including individuals living in encampments like the Roseland
16   Encampments have severe mental health disabilities. Except as expressly admitted,
17   the County Defendants deny the remaining allegations in paragraph 71.

18   72.    County Defendants deny all allegations in paragraph 72.

19   73.    County Defendants deny all allegations in paragraph 73.

20   74.    County Defendants deny all allegations in paragraph 75 and object to
21   the extent they are argumentative or attempt to state legal conclusions as facts.

22   75.    County Defendants admit that Plaintiffs purport to quote figures from
23   the 2017 Sonoma County Homeless Census and Survey Comprehensive Report. The
24   document speaks for itself. County Defendants deny knowledge or information
25   sufficient to form a belief as to the truth or falsity of the remaining allegations in
26   paragraph 75 and therefore deny them.

27

28

1    76.    County Defendants admit that Plaintiffs purport to cite language from

2    the October 12, 2016 Press Release of the City of Santa Rosa, a document that

3    exists and speaks for itself.

4    77.    County Defendants deny knowledge or information sufficient to form a

5    belief as to the truth or falsity of the allegations in paragraph 77 and therefore deny

6    them.

7    78.    County Defendants deny knowledge or information sufficient to form a

8    belief as to the truth or falsity of the allegations in paragraph 78 and therefore deny

9    them.

10    79.    County Defendants deny all allegations in paragraph 79.

11    80.    County Defendants deny knowledge or information sufficient to form a

12    belief as to the truth or falsity of the allegations in paragraph 80 and therefore deny

13    them.

14    81.    County Defendants admit Plaintiffs purport to quote City of Santa

15    Rosa Ordinance Ch. 11-22. The ordinance speaks for itself.

16    82.    County Defendants deny knowledge or information sufficient to form a

17    belief as to the truth or falsity of the allegations in paragraph 82 and therefore deny

18    them.

19    83.    County Defendants deny knowledge or information sufficient to form a

20    belief as to the truth or falsity of the allegations in paragraph 83 and therefore deny

21    them.

22    84.    County Defendants object to the allegations to the extent they attempt

23    to summarize law, which exists and speaks for itself. County Defendants deny the

24    allegations in paragraph 84 to the extent they may be construed as charging

25    allegations against County Defendants.

26    85.    County Defendants admit that Plaintiffs purport to quote Sonoma

27    County Code of Ordinances Section 19-15. The ordinance speaks for itself.

28    86.    Admit.

87.     County Defendants admit there are legal campgrounds within Sonoma County. Except as expressly admitted, County Defendants deny the remaining allegations in paragraph 87.

88.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88 and therefore deny them.

89.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 89 and therefore deny them.

90.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 90 and therefore deny them.

91.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 91 and therefore deny them.

92.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92 and therefore deny them.

93.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93 and therefore deny them.

94.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 94 and therefore deny them.

95.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 95 and therefore deny them.

96.     County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 96 and therefore deny them.

97.     County Defendants admit that at the time Plaintiffs initiated this action there were two encampments at the Roseland site, located at 665 to 883 Sebastopol Road in Santa Rosa. Except as expressly admitted, County Defendants deny the remaining allegations in paragraph 97.

98.     Admit.

99.     Admit.

100.    County Defendants admit that an encampment of approximately 20 people appeared at the Roseland site in November 2015. Except as expressly admitted, County Defendants deny the allegations in paragraph 100.

101.    County Defendants admit Plaintiffs purport to quote from an article published in the Santa Rosa Press Democrat on Feb. 14, 2016. The document exists and speaks for itself. County Defendants admit the CDC provided fencing, porta-toilets to protect its property, and to avoid the creation of a public nuisance. County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 101 and therefore deny them.

102.    County Defendants deny that the County approved an extension of the Dollar Tree's lease. County Defendants admit that the Commission approved the extension of the lease, as well as an additional extension, if warranted. Except as expressly admitted, County Defendants deny the allegations in paragraph 102.

103.    County Defendants admit that a second encampment formed at the Roseland site in November 2017. County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 103 and therefore deny them.

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

1   104.   County Defendants deny knowledge or information sufficient to form a

2   belief as to the truth or falsity of the remaining allegations in paragraph 104 and

3   therefore deny them.

4   105.   County Defendants deny knowledge or information sufficient to form a

5   belief as to the truth or falsity of the allegations in paragraph 105 and therefore

6   deny them.

7   106.   County Defendants deny all allegations in paragraph 106.

8   107.   County Defendants admit that Plaintiffs purport to summarize a

9   report submitted to the Sonoma County Board of Supervisors on December 5, 2017.

10   The document speaks for itself. Except as expressly admitted, County Defendants

11   deny the remaining allegations in paragraph 107.

12   108.   County Defendants admit the allegations in paragraph 108.

13   109.   County Defendants admit that on or about February 27, 2018, after

14   the CDC posted a written notice to vacate at the Roseland Encampments, the CDC

15   opened a Navigation Center in an unoccupied building near the encampments.

16   Except as expressly admitted County Defendants deny the allegations in paragraph

17   109.

18   110.   County Defendants admit the CDC posted a new notice to vacate on or

19   about March 7, 2018 that changed the deadline to vacate to April 3, 2018. The

20   Notice speaks for itself.

21   111.   Admit.

22   112.   County Defendants admit that Plaintiffs purport to cite figures from

23   "CDC reports." The documents speak for themselves. Except as expressly admitted,

24   County Defendants deny the remaining allegations in paragraph 112.

25   113.   The County Defendants object to the allegations in paragraph 113 to

26   the extent they are argumentative. To the extent the allegations in paragraph 113

27   constitute charging allegations against County Defendants, they are denied.

28

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

1    114.   County Defendants admit that some residents of the Roseland

2    Encampment were offered a shelter bed. Except as expressly admitted County

3    defendants deny the remaining allegations in paragraph 114.

4    115.   County Defendants admit receiving letters from Plaintiffs dated March

5    9, 2012 and March 12, 2018. The documents exist and speak for themselves. Except

6    as expressly admitted, County Defendants deny the remaining allegations in

7    paragraph 115.

8    116.   County Defendants admit that the Commission had discussions with

9    Plaintiffs regarding the situation. County Defendants admit the Commission

10   provided Plaintiffs with documentation regarding the Roseland Encampments. The

11   documents exist and speak for themselves. Except as expressly admitted, County

12   Defendants deny the remaining allegations in paragraph 116.

13   117.   County Defendants deny knowledge or information sufficient to form a

14   belief as to the truth or falsity of the allegations in paragraph 117 and therefore

15   deny them.

16   118.   County Defendants admit receiving a request from Defendants to

17   postpone the closure of the Roseland Encampments. Except as expressly admitted,

18   County Defendants deny the remaining allegations in paragraph 118.

19   119.   County Defendants admit the Commission offered to entertain specific

20   accommodation requests from individual encampment residents. Except as

21   expressly admitted, County Defendants deny the remaining allegations in

22   paragraph 119.

23   120.   County Defendants admit they received request from Plaintiffs dated

24   March 28, 2018. The document speaks for itself. Except as expressly admitted,

25   County Defendants deny the remaining allegations in paragraph 120.

26   121.   County Defendants admit they responded to Plaintiffs request on

27   March 29, 2018. The document speaks for itself. Except as expressly admitted,

28   County Defendants deny the remaining allegations in paragraph 121.

—17—

1       122.    County Defendants admit the allegations in paragraph 122, but object

2   to the extent it is argumentative.

3       123.    County Defendants deny knowledge or information sufficient to form a

4   belief as to the truth or falsity of the allegations in paragraph 123 and therefore

5   deny them.

6       124.    County Defendants deny knowledge or information sufficient to form a

7   belief as to the truth or falsity of the allegations in paragraph 124 and therefore

8   deny them.

9       125.    County Defendants deny knowledge or information sufficient to form a

10  belief as to the truth or falsity of the allegations in paragraph 125 and therefore

11  deny them.

12      126.    County Defendants deny knowledge or information sufficient to form a

13  belief as to the truth or falsity of the allegations in paragraph 126 and therefore

14  deny them.

15      127.    County Defendants deny knowledge or information sufficient to form a

16  belief as to the truth or falsity of the allegations in paragraph 127 and therefore

17  deny them.

18      128.    County Defendants deny knowledge or information sufficient to form a

19  belief as to the truth or falsity of the allegations in paragraph 128 and therefore

20  deny them.

21      129.    County Defendants deny knowledge or information sufficient to form a

22  belief as to the truth or falsity of the allegations in paragraph 129 and therefore

23  deny them.

24      130.    County Defendants deny knowledge or information sufficient to form a

25  belief as to the truth or falsity of the allegations in paragraph 130 and therefore

26  deny them.

27

28

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

1    131.   County Defendants deny knowledge or information sufficient to form a

2    belief as to the truth or falsity of the allegations in paragraph 131 and therefore

3    deny them.

4    132.   County Defendants deny knowledge or information sufficient to form a

5    belief as to the truth or falsity of the allegations in paragraph 132 and therefore

6    deny them.

7    133.   County Defendants deny knowledge or information sufficient to form a

8    belief as to the truth or falsity of the allegations in paragraph 133 and therefore

9    deny them.

10   134.   County Defendants deny knowledge or information sufficient to form a

11   belief as to the truth or falsity of the allegations in paragraph 134 and therefore

12   deny them.

13   135.   County Defendants deny knowledge or information sufficient to form a

14   belief as to the truth or falsity of the allegations in paragraph 135 and therefore

15   deny them.

16   136.   County Defendants deny knowledge or information sufficient to form a

17   belief as to the truth or falsity of the allegations in paragraph 136 and therefore

18   deny them.

19   137.   County Defendants admit Vannucci sought assistance through the

20   Navigation Center adjacent to the Roseland Encampments prior to the scheduled

21   eviction of the encampments. Except as expressly admitted, County Defendants

22   deny the remaining allegations in paragraph 137.

23   138.   County Defendants deny the allegations in paragraph 138.

24   139.   County Defendants deny knowledge or information sufficient to form a

25   belief as to the truth or falsity of the allegations in paragraph 139 and therefore

26   deny them.

27

28

1    140.   County Defendants deny knowledge or information sufficient to form a
2    belief as to the truth or falsity of the allegations in paragraph 140 and therefore
3    deny them.

4    141.   County Defendants deny knowledge or information sufficient to form a
5    belief as to the truth or falsity of the allegations in paragraph 141 and therefore
6    deny them.

7    142.   County Defendants deny knowledge or information sufficient to form a
8    belief as to the truth or falsity of the allegations in paragraph 142 and therefore
9    deny them.

10   143.   County Defendants deny knowledge or information sufficient to form a
11   belief as to the truth or falsity of the allegations in paragraph 143 and therefore
12   deny them.

13   144.   County Defendants deny knowledge or information sufficient to form a
14   belief as to the truth or falsity of the allegations in paragraph 144 and therefore
15   deny them.

16   145.   County Defendants deny knowledge or information sufficient to form a
17   belief as to the truth or falsity of the allegations in paragraph 145 and therefore
18   deny them.

19   146.   County Defendants deny knowledge or information sufficient to form a
20   belief as to the truth or falsity of the allegations in paragraph 146 and therefore
21   deny them.

22   147.   County Defendants deny knowledge or information sufficient to form a
23   belief as to the truth or falsity of the allegations in paragraph 147 and therefore
24   deny them.

25   148.   County Defendants deny knowledge or information sufficient to form a
26   belief as to the truth or falsity of the allegations in paragraph 148 and therefore
27   deny them.

28

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

1   149. County Defendants deny knowledge or information sufficient to form a

2 belief as to the truth or falsity of the allegations in paragraph 149 and therefore

3 deny them.

4   150. County Defendants admit Brown participated in an assessment at the

5 Navigation Center. Except as expressly admitted, County Defendants deny the

6 remaining allegations in paragraph 150.

7   151. County Defendants deny knowledge or information sufficient to form a

8 belief as to the truth or falsity of the allegations in paragraph 151 and therefore

9 deny them.

10   152. County Defendants deny knowledge or information sufficient to form a

11 belief as to the truth or falsity of the allegations in paragraph 152 and therefore

12 deny them.

13   153. County Defendants deny knowledge or information sufficient to form a

14 belief as to the truth or falsity of the allegations in paragraph 153 and therefore

15 deny them.

16   154. County Defendants deny knowledge or information sufficient to form a

17 belief as to the truth or falsity of the allegations in paragraph 154 and therefore

18 deny them.

19   155. County Defendants deny knowledge or information sufficient to form a

20 belief as to the truth or falsity of the allegations in paragraph 155 and therefore

21 deny them.

22   156. County Defendants deny knowledge or information sufficient to form a

23 belief as to the truth or falsity of the allegations in paragraph 156 and therefore

24 deny them.

25   157. County Defendants deny knowledge or information sufficient to form a

26 belief as to the truth or falsity of the allegations in paragraph 157 and therefore

27 deny them.

28

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

1    158.   County Defendants deny knowledge or information sufficient to form a

2    belief as to the truth or falsity of the allegations in paragraph 158 and therefore

3    deny them.

4    159.   County Defendants deny knowledge or information sufficient to form a

5    belief as to the truth or falsity of the allegations in paragraph 159 and therefore

6    deny them.

7    160.   County Defendants deny knowledge or information sufficient to form a

8    belief as to the truth or falsity of the allegations in paragraph 160 and therefore

9    deny them.

10   ## Section titled "Supplemental Statement of Facts"

11

12   161.   County Defendants admit the Navigation Center ceased operations on

13   April 2, 2018.

14   162.   County Defendants deny knowledge or information sufficient to form a

15   belief as to the truth or falsity of the allegations in paragraph 162 and therefore

16   deny them.

17   163.   County Defendants deny knowledge or information sufficient to form a

18   belief as to the truth or falsity of the allegations in paragraph 163 and therefore

19   deny them.

20   164.   County Defendants deny knowledge or information sufficient to form a

21   belief as to the truth or falsity of the allegations in paragraph 164 and therefore

22   deny them.

23   165.   County Defendants deny knowledge or information sufficient to form a

24   belief as to the truth or falsity of the allegations in paragraph 165 and therefore

25   deny them.

26   166.   County Defendants admit receiving a communication from Plaintiffs'

27   counsel on April 12, 2008. The document speaks for itself. Except as expressly

28   admitted, County Defendants deny the remaining allegations in paragraph 166.

1    167.    County Defendants deny knowledge or information sufficient to form a

2    belief as to the truth or falsity of the allegations in paragraph 167 and therefore

3    deny them.

4    168.    County Defendants deny knowledge or information sufficient to form a

5    belief as to the truth or falsity of the allegations in paragraph 168 and therefore

6    deny them.

7    169.    County Defendants object to the allegations in paragraph 169 to the

8    extent they are argumentative or attempt to state legal conclusions as facts. County

9    Defendants admit closure of the Roseland Encampments began on April 19, 2018

10   and concluded on April 20, 2018. Except as expressly admitted, County Defendants

11   deny the allegations in paragraph 169.

12   170.    County Defendants admit the Santa Rosa Police Department, staff

13   from CDC and HOST, and counsel for defendants participated in the closure of the

14   Roseland Encampments.

15   171.    County Defendants object to the allegations in paragraph 171 to the

16   extent they are argumentative or attempt to state legal conclusions as fact. County

17   Defendants deny the allegations in paragraph 171.

18   172.    County Defendants deny knowledge or information sufficient to form a

19   belief as to the truth or falsity of the allegations in paragraph 168 and therefore

20   deny them.

21   173.    County Defendants deny the allegations in paragraph 1743.

22   174.    County Defendants admit that the Roseland Village Site was fenced off

23   on April 20, 2018. Except as expressly admitted, County Defendants deny

24   allegations in paragraph 174.

25   175.    County Defendants deny knowledge or information sufficient to form a

26   belief as to the truth or falsity of the allegations in paragraph 175 and therefore

27   deny them.

28

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

176.   County Defendants object to the allegations in paragraph 176 to the extent they are argumentative or attempt to state legal conclusions as fact. County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 175 and therefore deny them.

177.   County Defendants object to the allegations in paragraph 177 to the extent they are argumentative or attempt to state legal conclusions as fact. County Defendants admit HOST offered temporary motel placements on April 19 and 20 to approximately 9 persons. County Defendants deny the remaining allegations.

178.   County Defendants admit the Joe Rodota Trail is an 8.2-mile-long public hike-and-bike-trail in Defendant County's regional park system. County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 178 and therefore deny them.

179.   County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 179 and therefore deny them.

180.   County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 180 and therefore deny them.

181.   County Defendants deny the allegations in paragraph 181.

182.   County Defendants admit that HOST staff met with encampment resident along the Joe Rodota Trail between April 23 and May 30, 2018. County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 182 and therefore deny them.

183.   County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 183 and therefore deny them.

1      184.    County Defendants admit Defendant County instructed the removal of

2   the porta-potties along the Joe Rodota Trail on or about May 7, 2018. Except as

3   expressly admitted, Defendants deny the allegations in paragraph 184.

4      185.    County Defendants deny knowledge or information sufficient to form a

5   belief as to the truth or falsity of the allegations in paragraph 185 and therefore

6   deny them.

7      186.    County Defendants object to the extent the allegations in paragraph

8   186 are argumentative or attempt to summarize County ordinances, which speak

9   for themselves. County Defendants admit that Sonoma County Regional Parks had

10  not authorized portable toilets or water on the Joe Rodota Trail. County Defendants

11  deny the remaining allegations.

12     187.    County Defendants deny knowledge or information sufficient to form a

13  belief as to the truth or falsity of the allegations in paragraph 187 and therefore

14  deny them.

15     188.    County Defendants deny knowledge or information sufficient to form a

16  belief as to the truth or falsity of the allegations in paragraph 188 and therefore

17  deny them.

18     189.    County Defendants admit that Sonoma County Regional Parks served

19  a Notice to Vacate on the residents of the encampment on the Joe Rodota Trail on or

20  about May 8, 2018. The Notice speaks for itself, and on that basis, the County

21  Defendants deny the remaining allegations in paragraph 189.

22     190.    County Defendants admit that, Sonoma County Regional Parks served

23  a Notice to Vacate on the residents of the encampment on the Joe Rodota Trail on or

24  about May 16, 2018. The Notice speaks for itself, and on that basis, the County

25  Defendants deny the remaining allegations in paragraph 190.

26     191.    County Defendants deny knowledge or information sufficient to form a

27  belief as to the truth or falsity of the allegations in paragraph 191 and therefore

28  deny them.

1    192.    County Defendants admit the allegations in paragraph 192.

2    193.    County Defendants admit Sonoma County Regional Parks served a

3    Notice to Vacate on the residents of the encampment on the Joe Rodota Trail on or

4    about May 23, 2018. The Notice speaks for itself, and on that basis, the County

5    Defendants deny the remaining allegations in paragraph 193

6    194.    County Defendants admit that Plaintiffs purport to summarize the

7    contents of the May 23, 2018 notice. The Notice speaks for itself, and on that basis

8    the County Defendants deny the allegations in paragraph 194.

9    195.    County Defendants admit that Plaintiffs purport to quote from and

10   summarize the contents of the May 23, 2018 notice. The Notice speaks for itself, and

11   on that basis the County Defendants deny the allegations in paragraph 195.

12   196.    County Defendants deny knowledge or information sufficient to form a

13   belief as to the truth or falsity of the allegations in paragraph 196 and therefore

14   deny them.

15   197.    County Defendants admit fences were erected around the area

16   occupied by the encampment along the Joe Rodota Trail between May 30, 2018 and

17   June 1, 2018.

18   198.    County Defendants admit that access to the area was restricted to

19   County and City personnel, encampment residents, and limited others who had

20   been authorized by the County. Except as expressly admitted, County Defendants

21   deny the allegations in paragraph 198.

22   199.    County Defendants admit that HOST workers were on site during

23   closure of the camp from May 30, 2018 through June 1, 2018. County Defendants

24   deny HOST workers were only on site for two to three hours each day. County

25   Defendants deny knowledge or information sufficient to form a belief as to the truth

26   or falsity of the remaining allegations in paragraph 199 and therefore deny them.

27   200.    County Defendants admit that Santa Rosa Police Department Officers,

28   Sonoma county Regional Parks Department Rangers, and HA assisted in storing

1   personal possessions for people in the building that housed the former Navigation

2   Center. County Defendants deny the remaining allegations in paragraph 200.

3       201.   County Defendants object to the allegations in paragraph 201 to the

4   extent they are argumentative or attempt to state legal conclusions as fact. County

5   Defendants deny the allegations in paragraph 201.

6       202.   County Defendants object to the allegations in paragraph 202 to the

7   extent they are argumentative or attempt to state legal conclusions as facts. County

8   Defendants deny the allegations in paragraph 202.

9       203.   County Defendants object to the allegations in paragraph 203 to the

10  extent they are argumentative or attempt to state legal conclusions as facts. County

11  Defendants deny the allegations in paragraph 203.

12      204.   County Defendants deny knowledge or information sufficient to form a

13  belief as to the truth or falsity of the allegations in paragraph 204 and therefore

14  deny them.

15      205.   County Defendants deny all allegations in paragraph 205.

16      206.   County Defendants deny knowledge or information sufficient to form a

17  belief as to the truth or falsity of the allegations in paragraph 206 and therefore

18  deny them.

19      207.   County Defendants admit HOST placed Iannucci and her partner in a

20  Motel 6 with a motel voucher. Except as expressly admitted, County Defendants

21  deny allegations in paragraph 207.

22      208.   County Defendants admit that Motel 6 management exited Vannucci

23  from her hotel room prior to the expiration of her motel voucher. Except as

24  expressly admitted, County Defendants deny allegations in paragraph 208.

25      209.   County Defendants deny knowledge or information sufficient to form a

26  belief as to the truth or falsity of the allegations in paragraph 209 and therefore

27  deny them.

28      210.   Admit.

1   211.   County Defendants deny knowledge or information sufficient to form a
2   belief as to the truth or falsity of the allegations in paragraph 211 and therefore
3   deny them.

4   212.   Admit.

5   213.   County Defendants deny knowledge or information sufficient to form a
6   belief as to the truth or falsity of the allegations in paragraph 213 and therefore
7   deny them.

8   214.   Admit.

9   215.   County Defendants deny knowledge or information sufficient to form a
10  belief as to the truth or falsity of the allegations in paragraph 215 and therefore
11  deny them.

12  216.   County Defendants admit that Motel 6 management exited Brown
13  from her hotel room prior to the expiration of her motel voucher. Except as
14  expressly admitted, County Defendants deny knowledge or information sufficient to
15  form a belief as to the truth or falsity of the allegations in paragraph 216 and
16  therefore deny them.

17  217.   Admit.

18  218.   County Defendants admit that Ms. Brown was residing in Samuel
19  Jones Hall at the time Plaintiffs filed the Supplemental Complaint. County
20  Defendants deny knowledge or information sufficient to form a belief as to the truth
21  or falsity of the remaining allegations in paragraph 218 and therefore deny them.

22  219.   County Defendants deny knowledge or information sufficient to form a
23  belief as to the truth or falsity of the allegations in paragraph 219 and therefore
24  deny them.

25  220.   County Defendants deny knowledge or information sufficient to form a
26  belief as to the truth or falsity of the allegations in paragraph 220 and therefore
27  deny them.

28

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

221.   County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 221 and therefore deny them.

222.   County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 222 and therefore deny them.

223.   County Defendants admit that. Hall participated in an assessment at the Navigation Center; that HOST offered Hall a bed in Samuel Jones Hall. County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 223 and therefore deny them.

224.   County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 224 and therefore deny them.

225.   County Defendants object to the allegations in paragraph 225 to the extent they are argumentative or attempt to state legal conclusions as fact. County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 225 and therefore deny them.

226.   County Defendants admit that Hall spoke with representatives from HOST on May 30, 2018. County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 226 and therefore deny them.

227.   County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 227 and therefore deny them.

228.   County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 228 and therefore deny them.

# Section titled "Causes of Action"

## First Cause of Action

229.   County Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 229 as though fully set forth herein.

230.   County Defendants neither admit nor deny the allegations in paragraph 230 as they do not constitute charging allegations against County Defendants.

231.   County Defendants deny the allegations in paragraph 231.

232.   County Defendants object to the allegations in paragraph 233 to the extent they are argumentative or attempt to state legal conclusions as fact. County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 232 and therefore deny them.

233.   County Defendants object to the extent the allegations in paragraph 233 are argumentative or attempt to summarize the City's ordinance, which speaks for itself. County Defendants deny that they enforce City ordinances and deny the remainder of the allegations in paragraph 233.

234.   County Defendants object to the allegations in paragraph 234 to the extent they attempt to summarize the City's ordinance, which speaks for itself. County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 234 and therefore deny them.

235.   County Defendants object to the extent to the allegations in paragraph 235 to the extent they attempt to state legal conclusions as fact, and on that basis deny them.

236.   County Defendants object to the allegations in paragraph 236 to the extent they attempt to summarize the County's ordinance, which speaks for itself.

237.   County Defendants object the allegations in paragraph 237 to the extent they attempt to state legal conclusions as fact, and on that basis deny them.

1    238.    County Defendants deny the allegations in paragraph 238

2    239.    County Defendants deny the allegations in paragraph 239.

3    240.    County Defendants deny the allegations in paragraph 240.

4    241.    County Defendants deny the allegations in paragraph 241.

5    242.    County Defendants deny the allegations in paragraph 242.

## Second Cause of Action

8    243.    County Defendants repeat and incorporate the admissions and denials

9    of paragraphs 1 through 243 as though fully set forth herein.

10    244.    County Defendants object to the allegations in paragraph 244 to the

11    extent they attempt to state legal conclusions as fact, and on that basis deny them.

12    245.    County Defendants object to the allegations in paragraph 245 to the

13    extent they attempt to summarize the City's ordinance, which speaks for itself.

14    246.    County Defendants deny knowledge or information sufficient to form a

15    belief as to the truth or falsity of the allegations in paragraph 246 and therefore

16    deny them.

17    247.    County Defendants object to the allegations in paragraph 247 to the

18    extent they are argumentative. County Defendants deny the allegations.

19    248.    County Defendants deny the allegations in paragraph 248.

20    249.    County Defendants object to the allegations in paragraph 249 to the

21    extent they attempt to summarize law, which exists and speaks for itself.

22    250.    County Defendants object to the allegations in paragraph 250 to the

23    extent they attempt to state legal conclusions of fact, and on that basis deny them.

24    251.    County Defendants object to the allegations in paragraph 251 to the

25    extent they attempt to state legal conclusions of fact, and on that basis deny them.

26    252.    County Defendants deny the knowledge or information sufficient to

27    form a belief as to the truth of Plaintiffs' allegations with respect Homeless Action.

28

County Defendants' Answer & Affirmative Defenses
Case No. 18-CV-01955-VC

1  County Defendants object to the remaining allegations in paragraph 252 to the

2  extent they attempt to state legal conclusions of fact, and on that basis deny them.

3      253.    County Defendants deny the allegations in paragraph 253.

4      254.    County Defendants deny the allegations in paragraph 254.

## Third Cause of Action

7      255.    County Defendants repeat and incorporate the admissions and denials

8  of paragraphs 1 through 255 as though fully set forth herein.

9      256.    County Defendants object to the allegations in paragraph 256 to the

10  extent they are argumentative or attempt to state legal conclusions as fact, and on

11  that basis deny them.

12      257.    County Defendants object to the allegations in paragraph 257 to the

13  extent they are argumentative or attempt to state legal conclusions as fact, and on

14  that basis deny them.

15      258.    County Defendants object to the allegations in paragraph 258 to the

16  extent they are argumentative, attempt to state legal conclusions as fact, or attempt

17  to summarize law, which exists and speaks for itself. On that basis, County

18  Defendants deny the allegations.

19      259.    County Defendants object to the allegations in paragraph 259 to the

20  extent they attempt to summarize documents, which exist and speak for

21  themselves. They County Defendants deny the remaining allegations.

22      260.    County Defendants object to the allegations in paragraph 259 to the

23  extent they attempt to summarize documents, which exist and speak for

24  themselves. The County Defendants deny the remaining allegations.

25      261.    The County Defendants deny the allegations in paragraph 261.

26      262.    The County Defendants deny the allegations in paragraph 262.

27      263.    County Defendants deny the knowledge or information sufficient to

28  form a belief as to the truth of Plaintiffs' allegations with respect Homeless Action.

1  County Defendants object to the remaining allegations in paragraph 263 to the

2  extent they attempt to state legal conclusions of fact, and on that basis deny them.

3      264.    County Defendants deny the allegations in paragraph 264.

4      265.    County Defendants deny the allegations in paragraph 265.

## Fourth Cause of Action

7      266.    County Defendants repeat and incorporate the admissions and denials

8  of paragraphs 1 through 266 as though fully set forth herein.

9      267.    County Defendants object to the allegations in paragraph 267 to the

10  extent they attempt to summarize the law, which exists and speaks for itself.

11      268.    County Defendants deny the allegations in paragraph 266.

12      269.    County Defendants object to the allegations in paragraph 269 to the

13  extent they are argumentative, and on that basis deny them.

14      270.    County Defendants deny the allegations in paragraph 270.

15      271.    County Defendants deny the allegations in paragraph 271.

16      272.    County Defendants deny the allegations in paragraph 272.

17      273.    County Defendants deny the allegations in paragraph 273.

18      274.    County Defendants deny the knowledge or information sufficient to

19  form a belief as to the truth of Plaintiffs' allegations with respect Homeless Action.

20  County Defendants object to the remaining allegations in paragraph 274 to the

21  extent they attempt to state legal conclusions of fact, and on that basis deny them.

22      275.    County Defendants deny the allegations in paragraph 275.

23      276.    County Defendants deny the allegations in paragraph 276.

## Fifth Cause of Action

26      277.    County Defendants repeat and incorporate the admissions and denials

27  of paragraphs 1 through 277 as though fully set forth herein.

28

278.    County Defendants object to the extent the allegations in paragraph 278 attempt to summarize federal law, which exists and speaks for itself, and on this basis deny the allegations.

279.    County Defendants admit the allegations in paragraph 279.

280.    County Defendants admit the allegations in paragraph 280.

281.    County Defendants deny the knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 281 and therefore deny them.

282.    County Defendants deny the knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 282 and therefore deny them.

283.    County Defendants object to the extent the allegations in paragraph 283 attempt to summarize federal law, which exists and speaks for itself, and on that basis deny the allegations.

284.    County Defendants deny the knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations that Individual Plaintiffs, other former residents of Roseland Encampments, and a significant proportion of the homeless population of Sonoma county more broadly have physical or mental health disabilities at greater rates that the County's population and therefore deny them. County Defendants object to the extent the allegations attempt to cite from the County's 2017 Homeless Point-In-Time Homeless Census and Survey, which exists and speaks for itself.

285.    County Defendants object to the extent the allegations attempt to state legal conclusions as fact. County Defendants deny the allegations in paragraph 285.

286.    County Defendants object to the extent the allegations attempt to state legal conclusions as fact. County Defendants deny the allegations in paragraph 286.

287.    County Defendants object to the extent the allegations attempt to state legal conclusions as fact. County Defendants deny the allegations in paragraph 287.

1    288.   County Defendants deny the allegations in paragraph 288.

2    289.   County Defendants deny the allegations in paragraph 289.

3    290.   County Defendants deny the allegations in paragraph 290.

4    291.   County Defendants deny the knowledge or information sufficient to
5    form a belief as to the truth or falsity of Plaintiffs' allegations with respect
6    Homeless Action. County Defendants object to the remaining allegations in
7    paragraph 291 to the extent they attempt to state legal conclusions of fact, and on
8    that basis deny them.

9    292.   County Defendants deny the allegations in paragraph 292.

10   293.   County Defendants deny the allegations in paragraph 293.

11
## Sixth Cause of Action
12

13   294.   County Defendants repeat and incorporate the admissions and denials
14   of paragraphs 1 through 293 as though fully set forth herein.

15   295.   County Defendants object to the extent the allegations in paragraph
16   295 attempt to state legal conclusions as fact or attempt to summarize federal law,
17   which exists and speaks for itself.

18   296.   County Defendants deny the allegations in paragraph 296.

19   297.   County Defendants deny the allegations in paragraph 297.

20   298.   County Defendants deny the allegations in paragraph 298.

21   299.   County Defendants admit receiving a communication from Plaintiffs'
22   counsel, which exists and speaks for itself. County Defendants deny the remaining
23   allegations in paragraph 299.

24   300.   County Defendants deny the allegations in paragraph 300.

25   301.   County Defendants object to the extent the allegations attempt to state
26   legal conclusions as fact and therefore deny them.

27   302.   County Defendants object to the extent the allegations attempt to state
28   legal conclusions as fact and therefore deny them.

1    303.    County Defendants deny the allegations in paragraph 303.

2    304.    County Defendants deny the allegations in paragraph 304.

3    305.    County Defendants deny the allegations in paragraph 305.

4    306.    County Defendants objects to the allegations in paragraph 306 to the

5    extent they attempt to state legal conclusions as fact and therefore deny them.

6    307.    County Defendants deny the allegations in paragraph 307.

7    308.    County Defendants deny the allegations in paragraph 308.

8    309.    County Defendants deny the allegations in paragraph 309.

9

## Seventh Cause of Action

10

11    310.    County Defendants repeat and incorporate the admissions and denials

12    of paragraphs 1 through 309 as though fully set forth herein.

13    311.    County Defendants object to the extent the allegations in paragraph

14    311 attempt to state legal conclusions as fact and therefore deny them.

15    312.    County Defendants object to the extent the allegations in paragraph

16    312 attempt to state legal conclusions as fact and therefore deny them.

17    313.    County Defendants deny the allegations in paragraph 313.

18    314.    County Defendants deny the allegations in paragraph 314.

19    315.    County Defendants admit the Commission posted a Notice to Vacate

20    the Roseland Encampments by April 3, 2018. Except as expressly admitted, County

21    Defendants deny the allegations in Paragraph 315.

22    316.    County Defendants deny the allegations in paragraph 316

23    317.    County Defendants deny the allegations in paragraph 317.

24    318.    County Defendants object to the allegations in paragraph 318 to the

25    extent they attempt to state legal conclusions as fact and therefore deny them.

26    319.    County Defendants deny the allegations in paragraph 319.

27    320.    County Defendants deny the allegations in paragraph 320.

28    321.    County Defendants deny the allegations in paragraph 321.

—36—

# Eighth Cause of Action

322.    County Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 321 as though fully set forth herein.

323.    County Defendants object to the extent the allegations in paragraph 323 attempt to summarize federal law, which exists and speaks for itself.

324.    County Defendants object to the extent the allegations in paragraph 324 attempt to summarize federal law, which exists and speaks for itself.

325.    County Defendants admit the County and Commission receive and/or administer federal funds and, as such are covered by Section 504. Except as expressly admitted, County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 325 and therefore deny them.

326.    County Defendants object to the extent the allegations in paragraph 326 attempt to state legal conclusions as fact and therefore deny them.

327.    County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 327 and therefore deny them.

328.    County Defendants object to the extent the allegations in paragraph 328 attempt to summarize federal law, which exists and speaks for itself.

329.    County Defendants object to the extent the allegations in paragraph 329 attempt to summarize federal law, which exists and speaks for itself.

330.    County Defendants object to the allegations in paragraph 330 to the extent they are argumentative or attempt to state legal conclusions as fact and therefore deny them.

331.    County Defendants deny the allegations in paragraph 331.

332.    County Defendants deny the allegations in paragraph 332.

333.    County Defendants deny the allegations in paragraph 333.

# Ninth Cause of Action

334.   County Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 333 as though fully set forth herein.

335.   County Defendants object to the allegations in paragraph 335 to the extent they attempt to summarize federal law, which exists and speaks for itself, and therefore deny them.

336.   County Defendants object to the allegations in paragraph 336 to the extent they attempt to summarize federal law, which exists and speaks for itself, and therefore deny them.

337.   County Defendants object to the allegations in paragraph 337 to the extent they attempt to summarize federal law, which exists and speaks for itself, and therefore deny them.

338.   County Defendants object to the allegations in paragraph 338 to the extent they attempt to state legal conclusions as fact and therefore deny them.

339.   County Defendants object to the allegations in paragraph 339 to the extent they attempt to state legal conclusions as fact and therefore deny them.

340.   County Defendants object to the allegations in paragraph 340 to the extent they attempt to state legal conclusions as fact and therefore deny them.

341.   County Defendants deny the allegations in paragraph 341.

342.   County Defendants deny the allegations in paragraph 342.

# Tenth Cause of Action

343.   County Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 342 as though fully set forth herein.

344.   County Defendants object to the allegations in paragraph 344 to the extent they attempt to summarize California law, which exists and speaks for itself.

345.    County Defendants admit that County and the Commission are recipients of stated funding. Except as expressly admitted, County Defendants deny the allegations in paragraph 345

346.    County Defendants object to the allegations in paragraph 346 to the extent they attempt to summarize federal law, which exists and speaks for itself.

347.    County Defendants object to the allegations in paragraph 347 to the extent they attempt to summarize state and federal law, which exists and speaks for itself.

348.    County Defendants object to the allegations in paragraph 348 to the extent they attempt to summarize federal law, which exists and speaks for itself.

349.    County Defendants object to the allegations in paragraph 249 to the extent they attempt to state conclusions of law as fact and therefore deny them.

350.    County Defendants object to the allegations in paragraph 350 to the extent they are argumentative or attempt to state legal conclusions as fact, and therefore deny them.

351.    County Defendants deny the allegations in paragraph 351.

352.    County Defendants deny the allegations in paragraph 352.

353.    County Defendants deny the allegations in paragraph 353.

354.    County Defendants deny the allegations in paragraph 354

355.    County Defendants deny the allegations in paragraph 355.

356.    County Defendants deny the allegations in paragraph 356.

## Eleventh Cause of Action

357.    County Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 356 as though fully set forth herein.

358.    County Defendants object to the allegations in paragraph 359 to the extent they attempt to summarize state and federal law, which exists and speaks for itself.

1   359.   County Defendants objects to the extent the allegations in paragraph
2   359 to the extent it attempts to summarize state and federal law, which exists and
3   speaks for itself.

4   360.   County Defendants objects to the extent the allegations in paragraph
5   359 to the extent it attempts to summarize state law, which exists and speaks for
6   itself.

7   361.   County Defendants object to the extent the allegations in paragraph
8   361 attempt to state conclusions of law as fact and therefore deny them.

9   362.   County Defendants deny the allegations in paragraph 362.

10   363.   County Defendants deny the allegations in paragraph 363.

11   364.   County Defendants deny the allegations in paragraph 364.

12
## Twelfth Cause of Action
13

14   365.   County Defendants repeat and incorporate the admissions and denials
15   of paragraphs 1 through ____ as though fully set forth herein.

16   366.   County Defendants object to the extent the allegations in paragraph
17   366 attempt to summarize federal law, which exists and speaks for itself.

18   367.   County Defendants admit County and the Commission receive and
19   administer federal housing funds. Except as expressly admitted, County Defendants
20   deny the allegations in paragraph 367.

21   368.   County Defendants object to the extent the allegations in paragraph
22   368 are argumentative or attempt to state legal conclusions as fact. County
23   Defendants deny the allegations in paragraph 368.

24   369.   County Defendants object to the allegations in paragraph 369 to the
25   extent they attempt to state legal conclusions and therefore deny them.

26   370.   County Defendants object to the allegations in paragraph 370 to the
27   extent they attempt to state legal conclusions and therefore deny them.

28

371.   County Defendants object to the allegations in paragraph 371 to the extent they are argumentative or attempt to state legal conclusions as fact. County Defendants deny the allegations in paragraph 371.

372.   County Defendants deny the allegations in paragraph 372.

373.   County Defendants deny the allegations in paragraph 373.

## Section entitled "Prayer for Relief"

The County Defendants deny that plaintiffs are entitled to the judgment sought, set forth in paragraphs 1-7 on pages 58 and 59 of its Complaint.

## Affirmative Defenses

As separate and affirmative defenses, County Defendants allege:

**I.     First Affirmative Defense**

As a first separate and distinct affirmative defense, County Defendants allege that the Verified Amended Complaint and Supplemental Complaint fail to state a claim upon which relief can be granted and fails to state sufficient facts to constitute a claim for relief against defendants.

**II.    Second Affirmative Defense.**

As a second separate and distinct affirmative defense, County Defendants allege that the relief sought by Plaintiffs is barred to the extent they lack the requisite standing to obtain such relief.

**III.   Third Affirmative Defense**

As a third separate and distinct affirmative defense, County Defendants allege that the relief sought by Plaintiffs is barred to the extent the claims are barred by the applicable statute of limitations.

**IV.     Fourth Affirmative Defense**

As a fourth separate and distinct affirmative defense, County Defendants alleged that the relief sought by Plaintiffs is barred to the extent they have failed to take reasonable or necessary steps to mitigate any alleged damages.

**V.     Fifth Affirmative Defense**

As a fifth separate and distinct affirmative defense, County Defendants alleged that the relief sought by Plaintiffs is barred to the extent they were required, but failed, to timely present a claim or otherwise comply with the requirements of the California Government Claims Act.

**VI.     Sixth Affirmative Defense**

As a sixth separate and distinct affirmative defense, County Defendants alleged that the relief sought by Plaintiffs is barred to the extent they have failed to join parties in whose absence the Court cannot award complete relief among the existing parties.

**VII.     Seventh Affirmative Defense**

As a seventh separate and distinct affirmative defense, County Defendants allege that the matters alleged in the Verified Amended Complaint and Supplemental Complaint do not rise to a level of a deprivation of rights that are protected by the United States or California constitutions are any of the laws or regulations referred to in them.

**VIII.   Eight Affirmative Defense**

As an eight separate and distinct affirmative defense, County Defendants allege that some or all of the acts or omissions complained of by Plaintiffs did not arise as a result of, nor was there any custom, policy, procedure, agreement or understanding of the County or Commission that deprived Plaintiffs of any civil rights.

1  **IX.    Ninth Affirmative Defense**

2          As a ninth separate and distinct affirmative defense, County Defendants

3  alleged that neither the County nor Commission have an official policy, patter,

4  custom or practice of engaging in the deprivation of constitutional or statutory

5  rights as alleged in the Verified Amended Complaint and Supplemental Complaint.

6  County Defendants allege that Plaintiffs' constitutional and statutory were not

7  violated by County Defendants. Plaintiffs have not made factual allegations

8  sufficient to establish that homelessness or poverty is a protected class under the

9  Due Process Clause of the Fourteenth Amendment, or that any acts or omissions of

10  County Defendants as alleged in the Verified Amended Complaint and

11  Supplemental Complaint constituted cruel or unusual punishment within the

12  Eighth or Fourteenth Amendments or the California Constitution, or a violation of

13  substantive due process rights within the meaning of the Fourteenth Amendment or

14  the California Constitution.

15  **X.    Tenth Affirmative Defense**

16

17          As a tenth separate and distinct affirmative defense, County Defendants

18  alleges that the relief sought by Plaintiffs is barred to the extent such relief would

19  be a fundamental alteration of programs and services of the County, or Commission,

20  or both, or programs that are not administered or in the control of either the County

21  or Commission.

22  **XI.    Eleventh Affirmative Defense**

23          As an eleventh separate and distinct affirmative defense, County Defendants

24  allege that the relief sought by Plaintiffs is barred to the extent such relief would

25  constitute an undue financial and administrative burden on the County or

26  Commission, or both.

27

28

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

1  **XII.    Twelfth Affirmative Defense**

2           As a twelfth separate and distinct affirmative defense, County Defendants

3  alleges that the allegations contained in the Verified Amended Complaint and

4  Supplemental Complaint fall within the immunities, defenses and privileges set

5  forth under applicable federal and state law, including but not limited to the

6  Federal Civil Rights Act, the California Government Claims Act, and the California

7  Penal Code. County Defendants are immune from liability for acts undertaken in an

8  official capacity, in good faith, even if mistaken, in accordance with reasonably or

9  clearly established law, and without wrongful intent at all times alleged in the

10 Verified Amended Complaint and Supplemental Complaint.

11

12 **XIII.   Thirteenth Affirmative Defense**

13          As a thirteenth separate and distinct affirmative defense, County Defendants

14 alleged that they have engaged attorneys to represent them in the defense of

15 Plaintiffs' Verified Amended Complaint and Supplemental Complaint, and they are

16 entitled to an award of reasonable attorneys' fees and costs upon judgment in their

17 favor in accordance with applicable law, including but not limited to 42 U.S.C. §

18 1988, 28 U.S.C. § 1920, Rule 11 of the Federal Rules of Civil Procedure and/or

19 California Code of Civil Procedure § 1038.

20 **XIV.    Fourteenth Affirmative Defense**

21          As a fourteenth separate and distinct affirmative defense, County Defendants

22 allege that the relief sought by Plaintiffs is barred to the extent their claims are

23 moot.

24

25

26

27

28

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC

1  **XV.    Fifteenth Affirmative Defense**

2      As a fifteenth separate and distinct affirmative defense, County Defendants

3  allege the relief sought by Plaintiffs is barred to the extent they seek to compel or

4  control County Defendants' exercise of their lawful discretion in a particular

5  manner, including without limitation the expenditure of public funds and the

6  enforcement of valid laws and regulations.

7  **XVI.  Sixteenth Affirmative Defense**

8      As a sixteenth separate and distinct affirmative defense, County Defendants

9  allege that this Court lacks subject matter jurisdiction over Plaintiffs' purported

10 claims.

11

12 **XVII. Seventeenth Affirmative Defense**

13     As a seventeenth separate and distinct affirmative defense, County

14 Defendants allege that plaintiffs cannot meet the requirements of the Eight

15 Amendment; 42 U.S.C. § 1983; California Constitution sections 7 and 17 as the

16 County and Commission have sufficient shelter for the homeless population at

17 issue.

18 **XVIII.        Eighteenth Affirmative Defense**

19     As an eighteenth separate and distinct affirmative defense, County

20 Defendants alleges that Plaintiffs' claims are barred because Plaintiffs' injuries and

21 damages, if there were any, were not caused by any improper act by County

22 Defendants, but by other persons beyond their control.

23

24 **XIX.  Nineteenth Affirmative Defense**

25     As a nineteenth separate and distinct affirmative defense, County

26 Defendants allege Plaintiffs' claims are barred because County and Commission

27 took the actions alleged in the Verified Amended Complaint and Supplemental

28

1    Complaint to protect important governmental interests, and protection of such

2    interest could not be achieved by less restrictive means.

3

4        Date: August 7, 2018            BRUCE D. GOLDSTEIN, County Counsel

5                                        By:_____/s/_____

6                                        CHRISTOPHER W. MAGAÑA
                                         Attorneys for Defendant
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
Case No. 18-CV-01955-VC