SUE A. GALLAGHER, City Attorney (SBN 121469)
ROBERT L. JACKSON, Assistant City Attorney (SBN 101770)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404
Telephone:  (707) 543-3040
Facsimile:   (707) 543-3055

Attorneys for Defendant City of Santa Rosa

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - San Francisco Division

| | |
|---|---|
| DEBORAH DRAKE, SAMANTHA JENKINS, NICHOLLE VANNUCCI, STEVEN ROBERT SINGLETON, and ELLEN BROWN individuals; and HOMELESS ACTION!, an unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, SONOMA COUNTY COMMUNITY DEVELOPMENT COMMISSION, CITY OF SANTA ROSA, and DOES I to XX,<br><br>Defendants.<br>_____ / | CASE NO. 3:18-CV-01955-VC<br><br>**DEFENDANT CITY OF SANTA ROSA'S REPLY BRIEF IN SUPPORT OF MOTION FOR MORE DEFINITIVE STATEMENT AND MOTION TO DISMISS**<br><br><br>Date:   September 20, 2018<br>Time:  10:00 a.m.<br>Ctrm:  4, 17th Floor- San Francisco<br>Judge: The Hon. Vince Chhabria |

In their opposition to defendant City's motion for a more definitive statement, plaintiffs seem to think that, to the extent they can cite to more actions of the City of Santa Rosa to address homelessness, whether those actions are culpable or not, whether those actions had anything to do or not to do with the encampment enclosures at Roseland and the Joe Rodota Trail, the City is properly a defendant in this action. That is why the Supplemental Complaint has 379 paragraphs, cites City websites, City press releases, discusses the City's announcement of a "homeless emergency", the City's membership in the Sonoma County Continuum of Care Board, the City's involvement in CHAP, the City's involvement in HEAP, the City's work with HOST, the City's

1  closure of other encampments, Santa Rosa Police citations in other settings of other individuals, even
2  the comments of a City Council member at a City Council meeting. Plaintiffs' counsel argue: "how,
3  with so many facts pled regarding the City and the homeless in general, can the City not possibly
4  bear legal responsibility for what happened to our three individual clients?"
5   The answer to that question depends on the scope of the lawsuit and just how far down the
6  road of declaratory or injunctive relief the Court will permit the plaintiffs to proceed. Now, at the
7  pleading stage, seems an appropriate time to resolve that fundamental issue.
8   Will the Court permit this lawsuit to be a broad and far reaching referendum on the policies
9  by which County and City governments have addressed the plight of the homeless in Sonoma
10 County, or will the Court insist that the lawsuit be confined to adjudicating the claims of three
11 individuals for denial of their Constitutional and statutory rights arising out of the closure of two
12 adjoining homeless encampments in the Spring of 2018?
13  By this motion, the City simply asks: "which suit are we to defend?"  If it is the former, then
14 "yes" the City has participated in efforts to address homelessness. If however, as the Court's
15 comments at the Initial Case Management Conference seemed to suggest, it is the latter and if the
16 justiciable dispute before the Court is "were these three individuals denied their Constitutional and
17 statutory rights when the Roseland and Joe Rodota Trail camps were closed", then the City of Santa
18 Rosa's involvement, even as pled, is so tangential that, without more specific allegations of culpable
19 conduct, the City is not properly a defendant. .
20  A day may come; unlikely, but possible, when the City is alleged to have removed
21 individuals from City property without affording housing to accommodate the disability needs of
22 those individuals, when Santa Rosa Police are alleged to have actually issued unconstitutional
23 citations for the exercise of the human right to sleep or where, by some other action, the City is
24 alleged to have criminalized the mere status of homelessness. In that unlikely event, on that unlikely
25 day, those individuals and  Homeless Action may well seek redress for the City's actions.
26 //
27 //
28 //

But this is not that day and without a more definitive statement of what it was the City did to Ms. Vanucci, Ms. Brown and Ms. Hall that was culpable, the City should be dismissed.

DATED: August 27, 2018                    Respectfully submitted,


\_\_\_\_/s/_____
ROBERT L. JACKSON
Assistant City Attorney
Attorney for Defendant City of Santa Rosa