Jeffery Hoffman, SBN: 118768
Alicia Roman, SBN: 260101
CALIFORNIA RURAL LEGAL
ASSISTANCE, INC.
1160 N. Dutton Avenue, Suite 105
Santa Rosa, CA 95401
Telephone: (707) 528-9941; Fax: (707) 528-0125
Email: jhoffman@crla.org,
aroman@crla.org

Attorneys for Plaintiffs
(Counsel for Plaintiffs continued on last page.)

SUE A. GALLAGHER, City Attorney
(SBN 121469)
ROBERT L. JACKSON, Assistant City
Attorney (SBN 101770)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404
Tel: (707) 543-3040; Fax: (707) 543-3055

Attorneys for Defendant City of Santa Rosa

BRUCE D. GOLDSTEIN #135970
County Counsel
ALEGRÍA G. DE LA CRUZ # 229713
Alegria.DeLaCruz@sonoma-county.org
Chief Deputy County Counsel
MATTHEW R. LILLIGREN #246991
matthew.lilligren@sonoma-county.org
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421; Fax: (707) 565-2624

Attorneys for Defendants
SONOMA COUNTY; SONOMA
COUNTY COMMUNITY
DEVELOPMENT COMMISSION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NICHOLLE VANNUCCI, ELLEN BROWN, and SHANNON HALL, individuals; and HOMELESS ACTION!, an unincorporated association,<br><br>       Plaintiffs,<br><br>vs.<br><br>COUNTY OF SONOMA, SONOMA COUNTY COMMUNITY DEVELOPMENT COMMISSION, CITY OF SANTA ROSA, Does 1 to 10, et al.**,**<br><br>       Defendants. | Case No. 18-CV-01955-VC<br><br>**JOINT CASE STATUS STATEMENT**<br><br>Judge:   Hon. Vince Chhabria<br><br>Case Status Conference: October 30, 2019, 10:00 a.m. |

—1—

Plaintiffs NICHOLLE VANNUCCI, ELLEN BROWN, and SHANNON HALL, as individuals, and HOMELESS ACTION!, an unincorporated association (Plaintiffs) and Defendants COUNTY OF SONOMA, SONOMA COUNTY COMMUNITY DEVELOPMENT COMMISSION, and CITY OF SANTA ROSA (Defendants) submit this Joint Case Status Statement to report on the status of implementation of the Stipulated Preliminary Injunction, which was entered by the Court on July 12, 2019, and went into effect on August 12, 2019.

**<u>Plaintiffs' Status and Activities</u>**

Plaintiff Nicholle Vannucci has returned to Sonoma County. She and her partner currently reside in a tent on the Joe Rodota Trail near Stony Point Road.  They have both requested reasonable accommodations in shelter placement related to their disabilities.

Plaintiff Ellen Brown remains housed in Santa Rosa.

Plaintiff Shannon Hall continues to reside on the streets at various locations in Santa Rosa. She continues to actively seek a permanent housing placement, but so far has been unsuccessful.

Plaintiff Homeless Action! (HA!) has made efforts to educate homeless individuals and the community regarding the injunction. HA! prepared a know-your-rights flyer for that purpose. The City raised concerns via email regarding some of the language used in the flyer. HA! is in the process of finalizing revisions to the flyer that respond to the City's concerns and anticipates circulating the revised flyer prior to the Case Status Conference. HA! and California Rural Legal Assistance, Inc. (CRLA) have also conducted in-person know-your-rights trainings about the injunction for homeless individuals and advocates.

A homeowners' association of a housing complex located adjacent to the Joe Rodota Trail requested a meeting with Homeless Action! in early October to discuss the growing number of people who are homeless and residing along the trail.  Plaintiff Homeless Action!, along with counsel from CRLA met with representatives of association on October 11, 2019, to discuss homeowners' concerns regarding the increased number of homeless individuals along the Joe Rodota Trail, the injunction in this lawsuit, and general issues of homelessness in Sonoma County. Homeless Action! and counsel anticipate that there will be further such meetings.

Plaintiffs dispute the City's characterization that the Prince Memorial Greenway sweep on July 22, 2019 is how the process under the injunction can be successfully implemented. It is Plaintiffs' understanding that individuals were not offered adequate shelter placements prior to vacating the site. This event occurred prior to the effective date of the injunction, so Plaintiffs did not address it in detail in this statement, but are prepared to discuss it.

CRLA has represented approximately 10 homeless individuals who are not parties to the lawsuit in requesting reasonable accommodations with respect to shelter placement. Notices to Vacate were issued by the County to some of those individuals, but to CRLA's knowledge, no enforcement action has been taken against them. Most of these homeless individuals were residing along the Joe Rodota Trail in the City of Santa Rosa, one involved a person residing at the Prince Memorial Greenway in Santa Rosa. Plaintiffs' counsel and counsel for the County and CDC met and conferred on August 21, 2019, to discuss the reasonable accommodation requests for certain individuals residing along the Joe Rodota Trail. Discussion centered on the issue as to whether proposed placements in Samuel Jones Hall were adequate for these individuals, and the framework for evaluating adequacy of shelter more generally. The accommodation requests for the Joe Rodota Trail residents are still outstanding.

Plaintiffs' counsel sent a letter to Defendants on September 24, 2019, inquiring about the status of Defendants' implementation of the Stipulated Preliminary Injunction, including the status of staff trainings, data reporting, and a countywide grievance procedure. A copy of that letter is attached. Plaintiffs have not yet received a response from Defendants.

## City of Santa Rosa's Status and Activities

Defendant City of Santa Rosa submits the following update on the status of compliance with the Preliminary Injunction:

### City Enforcement Actions

The City of Santa Rosa has initiated one closure of a homeless encampment since we were last before the Court. This took place on July 23, 2019 on what is known as the Prince

Memorial Greenway, a pedestrian and bicycle path near downtown Santa Rosa bordering Santa

Rosa Creek, in advance of an Ironman Triathlon which occurred on July 27, 2019.  The City's

Housing and Community Services Department, working with the Police Department, and in

close conjunction with outreach workers from Catholic Charities, endeavored to comply with the

terms of the injunction, though the closure took place several weeks before the injunction took

effect on August 11.

The closure was conducted in a systematic way. Preliminary written notices were

distributed well in advance. The police, working with HOST workers, conducted repeated

outreach efforts. The closure contemplated a period of notices, written and verbal, followed if

necessary by issuance of citations, followed if necessary with arrest.

Fortunately, by the time of the date of anticipated enforcement, few if any individuals

remained in the area. No citations were issued for violation of camping ordinances. One person

was booked for possession of methamphetamine and violation of probation. One arrest citation

was issued for polluting the waterway. One citation was issued for urinating into the creek. One

motor scooter was towed.

Public Works removed twenty yards (ten loads) of trash and approximately ten

needles.  Personal belongings in two cases were stored at the Police Department.  The bicycle of

one individual was stored with Catholic Charities and returned to him after he was released from

jail. He was provided a bed at Samuel Jones but did not show up to take the offer of shelter. Six

individuals accepted shelter at Samuel Jones Hall. One individual requested an accommodation

and was provided a bed with partitions to accommodate her request for privacy.

The Ironman Triathlon took place on July 27, 2019 without incident, the trail having been cleared for participants as well as spectators. It was, from the City's perspective, how the process under the injunction can be successfully implemented.

**Implementation of Policies/Forms**

Pursuant to the Preliminary Injunction, the City has adopted use of a variety of forms of written notice, policies and procedures, for use during the pilot period of the preliminary injunction. These forms, policies and procedures are both temporary and "works in progress," will likely be refined as events may dictate, and depending on the outcome of the *Boise* case or further developments in the law, in this case and elsewhere, may or may not be permanently implemented.

**Forms**

- City of Santa Rosa Notice of Legal Rights and Opportunity to Relocate

- City of Santa Rosa Notice to Vacate Illegal Encampment on Public Property

- City of Santa Rosa Homeless Shelter Notice of ADA Notice of Rights

- City of Santa Rosa Property Collection Intake Form

- City of Santa Rosa/Catholic Charities Homeless Shelter Reasonable Accommodation Grievance Form

- City of Santa Rosa Notice of Planned Removal of Property

- City of Santa Rosa Notice of Collected Property

**Policies and Procedures**

- City of Santa Rosa Homeless Shelter Reasonable Accommodation Grievance Procedure

- City of Santa Rosa Standard Operating Procedure for Removal and Temporary Storage of Unattended Personal Property from Public Property

The Santa Rosa Police Department, working with the City Attorney's Office, is also in the process of completing a new written Policy regarding interaction with individuals experiencing homelessness. This will replace the former "Guidelines" referenced during settlement discussions and generally regarded as inadequate.

The draft "Preamble" to the new Policy provides:

*The City of Santa Rosa and the Santa Rosa Police Department recognize the following:*

- *That the status of homelessness is not a crime;*
- *That residents of the community who find themselves homeless shall be treated with dignity and respect;*
- *That for a homeless individual who does not have access to temporary shelter the acts of sitting, sleeping or lying outside on public property in such a way so as not to obstruct passage or harm the safety and health of others are universal and unavoidable consequences of being human; and*
- *That a homeless individual must not be subjected to enforcement of City ordinances or State law merely as a pretext to criminalize his or her status as homeless;*

*The City of Santa Rosa and the Santa Rosa Police Department further recognize:*

- *That public health, safety and welfare require compliance with local laws, ordinances, and respect for the private property rights of others by all, regardless of their housing;*
- *That respect for the rights, health and safety of others requires that those who are homeless, just as those who have a permanent home, conduct themselves in compliance with the law; and*
- *That while one's status as homeless is not, in and of itself, criminal in nature, one's acts, conduct, and behavior if, in violation of the law, is not exempt from enforcement merely because one is homeless.*

It is anticipated that the new Policy will mirror the terms of the Preliminary Injunction.

**Training of Santa Rosa Police Personnel**

A comprehensive training program has been instituted by the Santa Rosa Police Department. The training sessions began on September 16, 2019, continued on 9/26, 10/3, 10/10, 10/14, 10/21, and a final session is scheduled for 10/28. They are conducted by Sgt. Jonathan

Wolf and the Downtown Enforcement Team, the resident "specialists" in the Department dealing with individuals experiencing homelessness. All sworn personnel, except for Command Staff, are required to attend. The training sessions include a 46-page PowerPoint presentation discussing in detail the terms of the injunction, the current state of the law, and including hypothetical fact patterns with photographs of encampments as a means to answer questions, prompt discussion, and clarify the letter and intent of the injunction. The Santa Rosa Police Department makes it a policy not to disseminate training materials for obvious reasons, but the City will provide the Court with a copy of the training materials on an in-camera basis should the Court wish.

**Interaction with Homeless Action!**

Apart from isolated incidents necessitating some interaction between counsel, defendant City has thus far had limited occasion to interact with counsel for Homeless Action! An unfortunate flyer entitled "RIGHT TO CAMP" was distributed at two City parks in September misstating and overgeneralizing the terms of the injunction. Our office wrote to opposing counsel stating:

*Ms. Roman,*

*It has come to my attention that your client Homeless Action and/or your office, or individuals acting at the behest of your office, are distributing the attached flyers in the North Street and Fremont parks in Santa Rosa purporting to inform individuals experiencing homelessness of their rights. We certainly welcome any effort to advise anyone of their rights, but would respectfully suggest the wording of your flyer is misleading and may misinform the folks you hope to counsel.*

1. *You might tighten up the phrase "<u>RIGHT TO CAMP</u>: YOU HAVE THE RIGHT TO CAMP IN A PUBLIC PLACE IF YOU HAVE NOWHERE ELSE TO GO." I realize you want to synthesize the law, as set forth in Martin, and as provided for in Judge Chhabria's Preliminary Injunction, to something "short and sweet and eye catching", but as you well know this is incomplete and over generalized and will likely create undue expectations and misunderstandings. The law and the judge's order impose limitations on enforcement of camping ordinances in specific situations, but this is far from a blanket edict that one has the "right" to camp anywhere on a public place.*

> 2. **You begin one portion of the notice with "<u>IF ORDERED TO MOVE</u>" and then purport to state what must happen if "a government employee asks you to move, orders you to move . . ." In earlier drafts of Section 2 "Definitions", subsection (c) of the Preliminary Injunction an "order to relocate" was considered an enforcement action triggering the enforcement protocols, but this was removed in the final Stipulation and Order signed by Judge Chhabria on July 12. The language of your flyer tracks an old draft and does not accurately reflect the Court's order.**

> **I would remind you of Paragraph 12 of the Preliminary Injunction imposing a duty of good faith on your clients. I am writing in "good faith" to avoid misunderstanding; I would hope you and your clients will do likewise.  I fear that incomplete or inaccurate statements of the law may lead to unnecessary and avoidable confrontations. It is incumbent on all of us lawyers to refrain from generalizations and be very cautious in our use of language, so we don't invite unlawful behavior by any of our clients.**

> **I hope you will consider this and will look forward to your reply.**

In response to this e mail, counsel for Homeless Action advised that they would review the matter.

**Data Collection and Publication**

On September 19, 2019 initial steps were undertaken to comply with the requirements of the injunction to "develop a mechanism for publicly reporting data regarding enforcement activities that promotes transparency without divulging personal information about the people involved." The City Attorney's Office is working with the Police Department, Catholic Charities, the Housing and Community Services Department, and City Information Technology Department to explore how data on the number of people affected by enforcement actions (i.e. arrests, citations and voluntary relocations) and data on disability based accommodations requests and grievances can be readily captured and appropriately disseminated. Defendant City will provide the Court with additional information at the next Status Conference.

**Joe Rodota Trail**

A large encampment has grown on the County's Joe Rodota Trail. We understand that co-defendant CDC and the County's Park Rangers have undertaken outreach efforts with the assistance of Catholic Charities.  Discussions are ongoing, but it is anticipated that should

—8—

enforcement actions be required, the City of Santa Rosa's involvement, if any, will be limited and the CDC and Park Rangers will undertake the necessary steps as required by the injunction.

## Sonoma County's and Sonoma County Community Development Commission's Status and Activities

Defendants County of Sonoma and Community Development Commission have been engaged with their partners at the City of Santa Rosa to update policies and procedures for conducting enforcement actions and for interacting with people who are homeless to comply with the specific requirements of the Stipulated Injunction. The County and Commission have conducted trainings for relevant staff in the Regional Parks and General Services Departments, as required by the injunction. The County and Commission met with its contractor and the City to share draft documents for feedback and to ensure consistency on pertinent policies and procedures. Those documents include: Notice of Legal Rights and Opportunity to Relocate, Notice to Vacate, Shelter Notice of ADA Notice of Rights, Reasonable Accommodation Grievance Form, Property Collection Intake Form, Notice of Planned Removal of Property, Notice of Collected Property, as well as Reasonable Accommodation Grievance Procedure, and Procedure for Removal and Temporary Storage of Unattended Personal Property from Public Property. Defendants County and Commission are currently finalizing those documents and policies, including a grievance policy, to ensure consistency with those of the City of Santa Rosa. As those documents are finalized, Defendants will certainly share them with Plaintiffs.

Defendants County and Commission have also secured, contractually, their contractors' inclusion of a grievance process in their service provision, as well the notification to their clients of such a process. Defendants County and Commission continue to work through the Leadership Council to develop county-wide policies. However, given the differences in institutional resources among Council members (e.g. the City of Rohnert Park does not have a shelter within its jurisdiction), the Leadership Council has been focused on strengthening the homeless system of care's geographic coverage, with consistent policies to follow. Defendants County and Commission, with their representatives on the Leadership Council, are also in the process of developing a mechanism to publicly report data regarding enforcement activities, and will be prepared to discuss the results of those efforts at the next Case Management Conference.

—9—

Defendants County and Commission have also been actively engaged with the growing encampment located on the Joe Rodota Trail, which began shortly after the City's enforcement action in July, 2019. After weeks of outreach, assessments, and engaging in the interactive process to respond to requests for reasonable accommodations, recently, the sheer number of people camping on the Trail (over 100 dwellings) in combination with the amount of criminal activity taking place on the Trail, have created conditions that the Defendants' contracted Homeless Outreach Street Team (HOST) believes are unsafe for it to be able to continue to provide services on site.  HOST reports that encampment occupants are increasingly emboldened and hostile to service providers and Park Rangers, claiming that they do not need to move because of the injunction, and requesting "accommodations" (for example, "I want a car") that have no relationship to any stated disability. Outreach efforts are met with consistent resistance due to this growing belief of a right to an accommodation beyond the scope of the injunction, and the camp continues to grow.

Recent reports cite over 90 calls for service along the Joe Rodota Trail to the Santa Rosa Police and Fire Departments, including possession of drug paraphernalia and/or controlled substances, as well as domestic violence, pollution, assault with a deadly weapon, cruelty to a child and public intoxication.  A recent domestic dispute between individuals in the encampment on the Trail resulted in two stabbings and an arrest.

On Friday, October 18, 2019, the County's Regional Parks Department posted signs advising Joe Rodota Trail users to use an alternate route between Stony Point and South Wright Roads due to the unsafe conditions for the public and obstructions along the trail created by the encampment.  While Regional Parks Rangers supported HOST's service provision efforts until recently, Park Rangers are not armed and are not trained in law enforcement practices.

In addition to the public health and safety issues detailed above, the County and Commission have witnessed camp fires at multiple locations on the Trail. During this high fire season, and the continued high wind and red flag advisories, including repeated PG&E power shutoffs which inhibit effective fire and emergency response, the public health and safety issues are reaching an untenable point.  In light of the above, the Santa Rosa Mayor and County officials have pledged to work in partnership to address the deteriorating conditions on the Trail in a client-centered manner, consistent with the injunction and the policies described above.

Date: October 23, 2019

CALIFORNIA RURAL LEGAL
ASSISTANCE, INC.

By:_____/s/_____

JEFFERY HOFFMAN
Attorneys for Plaintiffs


Date: October 23, 2019

BRUCE D. GOLDSTEIN, County Counsel

By:_____/s/_____

MATTHEW R. LILLIGREN
Attorneys for Defendants
County of Sonoma; Sonoma County
Community Development Commission


Date: October 23, 2019

SUE A. GALLAGHER, City Attorney

By:_____/s/_____

ROBERT L. JACKSON
Attorneys for City of Santa Rosa

(Additional Counsel for Plaintiffs continued)

Melissa A. Morris, SBN: 233393
Michael Rawson, SBN: 95868
PUBLIC INTEREST LAW PROJECT
449 15th Street, Suite 301
Oakland, CA 94612
Tel: (510) 891-9794; Fax: (510) 891-9727
Email: mmorris@pilpca.org
          mrawson@pilpca.org

Ilene J. Jacobs, SBN: 126812
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
511 D Street / P.O. Box 2600
Marysville, CA 95901
Telephone: (530) 742-7235; Fax: (530) 741-0854
Email: ijacobs@crla.org

Attorneys for Plaintiffs

ECF ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I, Jeffery Hoffman, attest that I have obtained concurrence in the filing of this document from the other signatories to this document.

JOINT CASE STATUS STATEMENT
CASE NO. 18-CV-01955-VC