COUNTY ADMINISTRATION CENTER
575 ADMINISTRATION DRIVE, ROOM 105A
SANTA ROSA, CALIFORNIA 95403

TELEPHONE: (707) 565-2421
FACSIMILE: (707) 565-2624

ASSISTANT COUNTY COUNSEL
ROBERT H. PITTMAN



**OFFICE OF THE COUNTY COUNSEL**
**BRUCE D. GOLDSTEIN**
County Counsel

CHIEF DEPUTIES
DEBBIE F. LATHAM         JENNIFER C. KLEIN
ALEGRIA G. DE LA CRUZ    CORY W. O'DONNELL
PHYLLIS C. GALLAGHER

DEPUTIES
LINDA D. SCHILTGEN       CHRISTA L. SHAW
MARGARET A. SINGLETON    MICHAEL KING
TAMBRA CURTIS            KARA ABELSON
LISA PHEATT              DIANA GOMEZ
JOSHUA A. MYERS          ALDO MERCADO
HOLLY RICKETT            TASHAWN SANDERS
VERNE BALL               ADAM RADTKE
IAN TRUEBLOOD            SITA KUTEIRA
ADAM L. BRAND            JEREMY FONSECA
ELIZABETH C. COLEMAN     LUKE BOWMAN
LAUREN WALKER            MATTHEW LILLIGREN
PETRA BRUGGISSER

January 29, 2020

Hon. Vince Chhabria
United States District Court
San Francisco Courthouse
Courtroom 4 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Vannucci, et al. v. County of Sonoma, et al.*; Case No. 18-cv-01955-VC

Dear Judge Chhabria:

    Thank you for the opportunity to speak to you and Plaintiffs' counsel yesterday morning about the County's plan to assess and serve the people camping on the Joe Rodota Trail and to address the serious health and safety hazards on the Trail that have resulted from the large encampment. We submit the following response to Plaintiffs' Letter Request for Immediate Relief Pursuant to Paragraph 13 of the Stipulated Preliminary Injunction ("Preliminary Injunction").

    Plaintiffs have not shown any County violation of the terms of the Preliminary Injunction by clear and convincing evidence in their application,[1] nor can they. Further, this request is premature. While the County intends, and has presented its plan, to comply with the terms of the Preliminary Injunction, it has not begun enforcement efforts.

---

[1] The burden of proof for a violation of an injunction is similar to that of civil contempt. Thus, the burden of proof is clear and convincing evidence. (*Institute of Cetacean Research v. Sea Shepherd Conservation Soc.* (9th Cir. 2014) 774 F.3d 935, 945.)

After the telephone conference, your Honor issued an Order (ECF No. 116), stating "[t]he Court is tentatively of the view that it would not be appropriate for the Court to adjudicate the question of compliance before the encampment is cleared."

The County requests that your Honor confirm your tentative decision. The County submits this letter brief to provide additional background as to the emergency conditions on the trail, its unprecedented efforts to assess and deliver housing to those on the Trail, and its commitment to meet the terms of the Stipulated Injunction (ECF No. 109-1).

**County's Intent and Plan to Comply with the Preliminary Injunction**

Currently, the conditions on the Joe Rodota Trail constitute a public health and safety emergency, as described more fully below and in the attached Declarations of Supervising Park Ranger Jonathan Umholtz ("Umholtz Decl."), Parks Manager David Robinson "Robinson Decl.") (attached hereto as Attachments A and B). The Trail needs to be closed to address the public health and safety emergency. This is for the health and safety of all residents – those who reside in the encampment, those who live nearby, and the general public who want to use the Trail for its intended use as a park. The County intends to offer the opportunity for assessment and adequate shelter to all people camped on the Trail (*see* Interdepartmental Multidisciplinary Team Manager Cruz Lopez ("Lopez Decl.," attached hereto as Attachment C), to close the Trail, and to clear and abate the public health and safety emergency.

The County's actions throughout this effort has reflect its dedication to its responsibility to protect the rights, health, and safety of all of its residents. The County has fully complied with the Notice provisions of the Preliminary Injunction by providing multiple rounds of notices of the anticipated closure of the Trail. The County's Interdepartmental Multidisciplinary Team (IMDT) – the trained social workers assessing people for shelter placement – have provided notices of rights in person, with descriptions of services offered and how to access them, and posted them on the Trail, beginning January 12, 2020. Lopez Decl. ¶¶ 8-9. County Park Rangers later posted separate notices regarding the closure and the timeline it provided Trail occupants. Again, those notices included information about people's rights under the Preliminary Injunction and provided contact information for the IMDT.

On January 14, 2020, the County Board of Supervisors declared that the Joe Rodota Trail is a public health and safety emergency. Using its coordinated Emergency Operations Center, the County has ensured that its efforts to protect public health and safety and to serve a vulnerable population are holistic and efficiently and effectively organized. An unprecedented number of County departments and their workforce - from architects and construction managers to social workers, public health nurses, lawyers and planners - have been working extremely hard to create innovative and community-oriented housing solutions, to provide services to the people camped on the Trail, and to abate the public health and safety emergency.

**Public Health and Safety Hazard**

From July 2019 to December 2019, the encampment grew from approximately 5 individuals to almost 225.  Umholtz Decl. ¶ 3.  The situation on the Trail became so dangerous that Park Rangers did not feel safe to patrol the trail. Robinson Decl. ¶4. On October 18, 2019, Parks was forced to post notices to warn the public not to take the trail due to the dangerous conditions which included violent crimes, open drug use and sales, and threatening behavior towards trail users and County personnel and trail encroachment.  Umholtz Decl. ¶4. This effectively closed what had been an important bicycle commute path and family recreation area.  The situation continued to deteriorate with a documented rodent infestation, open flames, propane tank explosions, threats from unrestrained and aggressive dogs, and physical violence.  *Id* at ¶¶7-8. Vector control efforts on the Trail have trapped over 200 rats, and public health issues include syphilis and trench foot. *Id.*

Mindful of the Preliminary Injunction's terms (Section 3(c)1) on January 14, 2020, the Sonoma County Board of Supervisors made a legislative finding that the conditions on the Joe Rodota Trail constituted an immediate hazard requiring emergency action.[2]  Umholtz Dec. ¶9, Exh. C.  The accompanying Board Report and attachments documented the public health and safety conditions that led them to find that there was a risk of injury and death to others (including that people had been injured and died on the trail), there had been significant damage to Parks property (as the Trail will require remediation of hazardous materials), and that the public's access to this public facility had been impeded.  In the wake of the October Kincade fire (the largest of the 2019 California wildfire season and in Sonoma County's history, and resulting in the largest evacuation in Northern California's history) recent propane tank explosions and open fires was a particular concern and risk.

These dangers continue. As recently as last Sunday and Monday, January 26 and 27, 2020, one tent on the Trail burned to the ground (necessitating a response by the local fire department), an individual camping on the Trail overdosed in a nearby restaurant bathroom, and an armed and menacing individual was arrested for criminal activity on the Trail.  *Id.* at ¶10. The increasing deterioration of public health and safely on the Trail now requires immediate action.

**The County Remains Committed to Offering Housing to Those Who Requested It and Has Provided an Opportunity for Assessment to All Trail Occupants**

---

[2] The Judiciary accords substantial deference to legislative findings that are reasonable inferences based on substantial evidence. (*See, e.g., Turner Broad. Sys., Inc. v. F.C.C.*, 520 U.S. 180.)  The Courts own additional deference to legislative findings because of the separation of powers.  "[D]eference must be accorded to [legislative] findings as to the harm to be avoided and to the remedial measures adopted for that end…" (*Id*. at pg. 196.)  Here, the Sonoma County Board of Supervisors has made reasonable findings based on substantial evidence. (See Board Resolutions and Summary Reports attached to the Declaration of Jonathan Umholtz, filed concurrently herewith.)

County Interdepartmental and MultiDisciplinary Team (IMDT) staff have been present on the Trail offering assessments and shelter options for months to a limited number of Trail occupants, and then since January 8, 2020 to all of them from roughly 10 a.m. to dusk, six days per week. Lopez Decl. ¶8. The team's goal is to assess people to address their health and housing needs and facilitate services. *Id.* at ¶¶6,8. Since January 12, the team has engaged with over 250 people and has assessed over 125 who were interested in seeking services. *Id.* at ¶9. Of those assessed, 105 have requested housing. *Id.* With new housing resources devoted by the Board of Supervisors, we have provided all available and appropriate housing solutions based on the assessments conducted, and there will be additional units available into the future to ensure a dynamic housing continuum, from temporarily stabilizing to permanent and supported. *Id.* The County's IMDT will continue to offer the opportunity for an assessment to individuals on the Trail up to and including during enforcement. *Id.* at ¶13.

### The County Has Provided an Opportunity to Be Placed in Adequate Shelter

Over the last several months the Board of Supervisors has allocated approximately $12 million in new funding for the purpose of creating new shelter, housing, and service opportunities for our homeless population. This includes the newly formed Los Guilicos Village, consisting of 60 new individual, one-room shelters with supportive services, meals, a warm community space, a dog run, a storage facility, hot showers, bathrooms, and transportation.

In addition to the new cottages at the Los Guilicos Village, several different types of transitional housing for people depending on their situation, and traditional shelters operated throughout the County. These and the other tailored housing alternatives offered to Trail occupants meet the Preliminary Injunction's adequacy requirements. (Preliminary Injunction, at ¶2(e).) For persons who do not want to engage with the County's IMDT team or provide personal information, the IMDT has also partnered with organizations (Lopez Decl. ¶10) that do not require someone to enter the Coordinated Entry system. These services are available to individuals on the Trail, without requiring participation in religious services.

The County IMDT staff will continue offering assessment and referrals to appropriate housing and shelter options for people camping on the Trail who wish to take advantage of these new resources and options. Therefore, the County intends to comply with the Preliminary Injunction's requirements regarding provision of adequate housing prior to an enforcement action.

### Notice of Enforcement Action

On January 15 and 22, 2020, Park rangers posted notices advising Trail occupants of the upcoming enforcement action, their legal rights and assessment opportunities, and instructions for the property storage program created by Sonoma County. Robinson Decl. ¶¶6-7. In addition, Parks and other County and outreach staff have engaged in individual

conversations and provided notice verbally. *Id*.; Lopez Decl. ¶8. Outreach services have been going on daily prior to the initial notice on January 15, 2020. *Id.* Written notice was placed on each dwelling, pile of debris, garbage can, portable bathroom, and on the sign marking the entrance to the Trail. Robinson Decl. ¶6. The written notices provided by the County were both reasonable and timely as the County provided a full two weeks for individuals to relocate and made every effort to notify each individual. This notice exceeds what is required in the Preliminary Injunction; Plaintiffs acknowledge as such by not having challenged it in their application.

### Seizure and Storage of Personal Property

The County has procedures and equipment to comply with the Seizure and Storage of Personal Property requirements of the Preliminary Injunction, at paragraphs 5 and 6. County Park Rangers have distributed notices regarding the property storage program created by the County. Robinson Decl. ¶7. In addition, Park Rangers and IMDT staff have engaged individuals on the Trail about the storage options.

When conducting property storage and removal, County staff and contractors will utilize an agreement and receipt which verifies property ownership and permission to take property to the storage facility. Consistent with the Preliminary Injunction, the County has rented three self-storage lockers at 1435 Sebastopol Road, Santa Rosa, which will be staffed and made accessible to former Trail occupants on Mondays through Fridays from 9 a.m. to 3 p.m. until April 30, 2020. Each person who agrees to storage will receive two totes to store items allowed under the injunction. The property will be stored 90 days, at which point unclaimed items may be discarded. Post-removal notice will provide instructions on where and when property may be claimed. Robinson Decl. ¶7.

### Enforcement Has Not Yet Occurred

As noted above, the County intends to have a coordinated law enforcement presence on the Trail and to begin the enforcement phase on Wednesday, January 29, 2020. Plaintiffs request is simply premature. The County must be allowed appropriate discretion (as well as an opportunity) to comply with the terms of the Preliminary Injunction, given its responsibility for public resources and the policy decisions that drive them.

### Plaintiffs' Have Not Met Their Good Faith Meet and Confer Obligations

The County has publicly and transparently discussed its intention to close the Trail, has published information, and has held multiple public meetings on the issue to ensure a full community process to hear and address all concerns. While counsel have typically had good communications about the larger issues in the litigation, in this recent instance, Plaintiffs' counsel have interfered with County staff's ability to assess people on the Trail and withheld their knowledge about the needs and interest of certain people on the Trail in assessments and County services until the last minute.

On January 8, 2020 Defendants' Counsel hosted a conference with Plaintiffs' Counsel to request input on new shelter models discussed during Board of Supervisors' meetings, to discuss the hazardous conditions on the Trail, to receive information about names and locations of clients to ensure coordinated and strategic service provision, and to share information about the proposed enforcement action timing. *See* Declaration of Alegría De La Cruz ("De La Cruz Decl.") ¶3, attached hereto as Attachment D. Specifically, Defendants' Counsel asked for Plaintiffs help to identify people who need particular services or to identify any perceived or experienced gaps in the County's efforts. *Id.*

Plaintiffs waited until this past weekend, or January 24, 2020, to provide the County with any specific information about people who feel they were not offered an opportunity for an assessment or shelter. De La Cruz Decl. ¶6. Recently, County staff have interacted with Ms. Roman on the Trail. Ms. Roman has directed County staff to talk to a person on the Trail who refuses to engage with them for an assessment. Ms. Roman has insisted that County staff provide this person with a hotel voucher. Lopez Decl. ¶ 12. This undermines the County's outreach and assessment efforts by (1) slowing down the process to engage with people who do not want to be assessed; and (2) making people on the Trail believe the County will provide hotel vouchers if they refuse to be assessed.

Additionally, of the people identified by Plaintiffs thus far, the vast majority did not sign releases of information that would allow the County to discuss their situation with the Plaintiffs or their counsel. De La Cruz Decl. ¶¶ 9, 12. Without those releases, the County cannot discuss the personal and protected information regarding their clients who have or are in process to accept and receive health and housing services. Therefore, the County cannot effectively meet and confer with Plaintiffs about their allegations. Failure to satisfy the meet and confer process in good faith is alone a basis to deny the petition.

**CONCLUSION**

In the last 60 days, the Board of Supervisors has significantly increased its dedication and resource allocation to our community's homeless emergency. These actions are the apex in the trajectory of the last few years of creative and strategic restructuring of our homeless system of care, including the creation of the Leadership Counsel, the creation of the Whole Person Care IMDT, and the creation of the Los Guilicos Village.

Since December 23, 2019, the Board of Supervisors has allocated over $11.6 million to this unprecedented effort to address our community's emergency. The County has reorganized and refocused its efforts to more efficiently serve the homeless population in a way that reflects its whole person care philosophy: we recognized that the health and safety needs of our community are interconnected and are best addressed in a coordinated manner, and we activated our multidepartmental emergency structure,

created efficiencies, expanded authorities, and expedited timelines, reflecting the urgency of this emergency. Umholtz Decl. ¶¶5, 9.

While our Board has found that an emergency hazard exists, the County maintains its critical responsibility to serve our vulnerable populations and to ensure they are provided every opportunity to access new resources that meet each person's unique needs.

These efforts mark a unique moment of opportunity. We are hopeful that the parties can work together to find meaningful solutions to this challenging situation.

Sincerely,

/s/
Bruce Goldstein
COUNTY COUNSEL