Jeffery Hoffman, SBN: 118768
Alicia Roman, SBN: 260101
CALIFORNIA RURAL LEGAL
ASSISTANCE, INC.
1160 N. Dutton Avenue, Suite 105
Santa Rosa, CA 95401
Telephone: (707) 528-9941; Fax: (707) 528-0125
Email: jhoffman@crla.org,
aroman@crla.org

Attorneys for Plaintiffs
(Counsel for Plaintiffs continued on last page.)

SUE A. GALLAGHER, City Attorney
(SBN 121469)
ROBERT L. JACKSON, Assistant City
Attorney (SBN 101770)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404
Tel: (707) 543-3040; Fax: (707) 543-3055

Attorneys for Defendant City of Santa Rosa

BRUCE D. GOLDSTEIN #135970
County Counsel
ALEGRÍA G. DE LA CRUZ # 229713
Alegria.DeLaCruz@sonoma-county.org
Chief Deputy County Counsel
MATTHEW R. LILLIGREN #246991
matthew.lilligren@sonoma-county.org
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421; Fax: (707) 565-2624

Attorneys for Defendants
SONOMA COUNTY; SONOMA
COUNTY COMMUNITY
DEVELOPMENT COMMISSION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NICHOLLE VANNUCCI, ELLEN BROWN, and SHANNON HALL, individuals; and HOMELESS ACTION!, an unincorporated association,<br><br>        Plaintiffs,<br><br>vs.<br><br>COUNTY OF SONOMA, SONOMA COUNTY COMMUNITY DEVELOPMENT COMMISSION, CITY OF SANTA ROSA, Does 1 to 10, et al.,<br><br>        Defendants. | Case No. 18-CV-01955-VC<br><br>**JOINT CASE STATUS STATEMENT**<br><br>Judge:    Hon. Vince Chhabria<br><br>Case Status Conference: April 22, 2020, 10:30 a.m. |

—1—

Plaintiffs NICHOLLE VANNUCCI, ELLEN BROWN, and SHANNON HALL, as individuals, and HOMELESS ACTION!, an unincorporated association (Plaintiffs) and Defendants COUNTY OF SONOMA, SONOMA COUNTY COMMUNITY DEVELOPMENT COMMISSION, and CITY OF SANTA ROSA (Defendants) submit this Joint Case Status Statement in advance of the April 22, 2020, telephonic case status conference.

**Extension of the Stipulated Preliminary Injunction**

Per the Court's Order, the parties have considered stipulating to an extension of the Stipulated Preliminary Injunction in light of the ongoing COVID-19 public health crisis. Plaintiffs propose an extension of the Stipulated Preliminary Injunction for six months, to December 31, 2020.   Such an extension would take into account the ongoing effects of the COVID-19 crisis, including current shelter-in-place orders and the longer-term uncertainty regarding the potential for in-person hearings. It would hopefully also allow the parties sufficient time to pursue any necessary motions regarding the meaning and implementation of the Stipulated Preliminary Injunction and to have discussions with respect to a longer-term resolution of the case. Defendants' positions regarding such an extension are included in their respective sections below.

**Status of Motion(s) to Enforce the Preliminary Stipulated Injunction**

The parties met and conferred by telephone on March 11, 2020, regarding the potential motion hearing on  (1) Plaintiffs' request for clarification of the term "enforcement action" in the Injunction and Plaintiffs' allegations that the City had systemically violated the Injunction by forcing homeless individuals to move from public property without offering adequate shelter and an opportunity to be assessed for coordinated entry; and (2) Defendant City of Santa Rosa's allegations that Plaintiffs had systematically violated or undermined the Injunction by filing citizen complaints against the Santa Rosa Police Department (SRPD) and SRPD officers. The parties discussed the potential resolution of the issues and agreed that Plaintiffs would propose changes to the City's protocols and forms regarding enforcement actions against homeless individuals on public property for the City's consideration, along with a response regarding the City's request that Plaintiffs' counsel not submit any citizen complaints to SRPD unless the complaint was physically signed by the individual complainant, by the following day. The parties agreed that the City would review Plaintiffs' proposals and that the parties would meet and confer further by telephone on March 17, 2020. On the evening of March 12, 2020, Plaintiffs

—2—

sent to Defendants proposed redlines to the applicable forms and protocols and a response denying the City's allegations regarding citizen complaints.

The City requested additional time to respond on March 16, and that same day the Court issued its Order converting the motion hearing to a telephonic case status conference and vacating filing deadlines.

The parties have also exchanged correspondence regarding the County's shelter-in-place (C19-03, C19-05) and parks closure (C19-04) Orders, and the Centers for Disease Control and Prevention's Interim Guidance on People Experiencing Unsheltered Homelessness (https://www.cdc.gov/coronavirus/2019-ncov/community/homeless-shelters/unsheltered-homelessness.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Funsheltered-homelessness.html). The City announced in late March that it would not clear homeless encampments during the COVID-19 emergency, consistent with the CDC recommendations.

**Plaintiffs' Further Statement**

Plaintiffs await the City's response regarding their potential changes to the City's protocols and forms. Plaintiffs anticipate a motion to address SRPD's practice of directing homeless individuals to relocate prior to providing them with an opportunity to be placed in adequate shelter and assessed for Coordinated Entry if the parties are not able to resolve this issue. Plaintiffs' ability to interview witnesses and draft declarations has been limited by the current shelter-in-place Order. Any evidentiary hearing on Plaintiff's Motion should be scheduled after all relevant shelter-in-place orders are lifted.

Another outstanding issue is the question of reporting data pursuant to Paragraph 10 of the Injunction. The data would be valuable for understanding, implementing, and enforcing the Injunction, and to inform the parties, the Court, and the public about Defendants' efforts to transition homeless individuals to non-congregate settings in order to protect individual and public health during the ongoing COVID-19 pandemic.

Finally, Plaintiffs anticipate that enforcement or clarification of the Injunction might be required to address other issues, including the difficulty faced by Plaintiffs and other homeless individuals with disabilities in obtaining responses from Defendants and their agents regarding reasonable accommodation requests, the City's creation of new no-overnight-parking zones, and the displacement of residents from the Joe Rodota Trail. Additionally, enforcement action by the

City against homeless individuals has decreased during the COVID-19 pandemic, but several homeless individuals living in vehicles on public streets received citations, warnings, and/or notices of abatement from the Santa Rosa Police Department on or about April 14, 2020, including threats to remove vehicles because they were parked on a public street for more than 72 hours. The parties continue to meet and confer on these issues, and Plaintiffs hope we can resolve these issues without the Court's intervention.

**Defendant County of Sonoma**

Defendants County of Sonoma and Sonoma County Community Development Commission ("CDC") received Plaintiffs' proposal for a six-month extension of the stipulated preliminary injunction on April 13, 2020.  Defendants will need to agendize and discuss this proposal with their Boards in closed session at the next available meeting.  Given the current COVID-19 emergency and closure of the County offices, the ability of Defendants to have this discussion may be impacted.  The County and CDC Defendants believe it would be beneficial to have further settlement discussions with the Court next month regarding any potential extension once they have been able to consult with their Boards.

Currently, Defendants County and CDC are focused on opening and running a variety of Emergency Non-Congregate Shelter sites to implement social distancing requirements in shelters and provide emergency shelter for the high-risk unsheltered homeless population in the County. Currently, the County and CDC have secured 30 hotel rooms, 10 FEMA trailers, and up to 300 dorm rooms at Sonoma State University to serve individuals who have tested positive for COVID-19, have been exposed to COVID-19, or are at high risk for COVID-19 and who require Emergency Non-Congregate Shelter as a social distancing or isolation measure.  The County and CDC have already placed the shelter-overflow population in hotel rooms and are currently targeting outreach efforts to identify those individuals experiencing homelessness who meet the definition of high-risk for COVID-19 so that they can be placed in the remaining Emergency Non-Congregate Shelter sites as they become operational in the near future.

In addition, the County and CDC have distributed over 29 handwashing stations and 29 portable toilet facilities throughout the County, both in the unincorporated and corporated areas, to facilitate public health recommendations for people experiencing homelessness in Sonoma County.  The County's Public Health Order No. C19-05, extending the Shelter In Place Order to

— 4 —

May 3, 2020 exempts people experiencing homelessness from strict shelter-in-place requirements; however, the County's Interdepartmental Multidisciplinary Team (IMDT) continues to conduct outreach to facilitate people coming into new shelters, and to address continuing needs of the population.

As discussed with the Court during the last Status Conference, the issues raised by Plaintiffs regarding the Motion to Enforce the Preliminary Injunction are directed to matters involving the City of Santa Rosa; however, the County and CDC are prepared to respond to Plaintiffs' request for clarification to the extent that it relates to the general interpretation of the Injunction.  The County and CDC will await further direction from the Court on these matters but agree with Plaintiffs that it would make sense to continue any hearings regarding these matters until the shelter in place orders are lifted.

### Defendant City of Santa Rosa

#### Plaintiffs' Motion for Clarification of and to Enforce Preliminary Injunction

During the Meet and Confer discussion on March 11 the parties discussed if the need for an evidentiary hearing on plaintiff's contemplated motions for clarification and enforcement of the Preliminary Injunction might be avoided. The City indicated that if plaintiffs were proposing that a written advisement of rights must be given before an individual experiencing homelessness may be warned of enforcement or directed to relocate, resolution may be possible without a hearing.  The City requested plaintiffs provide proposed language changes to the written notices SRPD already uses.

On March 13 plaintiffs provided proposed changes to written notices and SRPD policies which were not, as hoped and anticipated, simple, but were far reaching and would require analysis and discussion. Those discussions were overtaken by recent events and may best be renewed as part of a wider discussion on how the pandemic does or should affect the terms of the injunction.

### City Motion re Abuse of Citizen Complaints

During the meet and confer discussion the City advised plaintiffs that it recognized that homeless individuals, as with any citizens in Santa Rosa, should not be inhibited from lodging complaints, but asked plaintiffs' counsel as a compromise to consider, before

—5—

lodging a complaint, having their client sign the complaint as a means to limit the practice of "hearsay" complaints and assure the allegations were substantiated. Plaintiffs' counsel rejected this request as too burdensome on their clients.

Since that time, perhaps because of current circumstances, and/or the cooperation of counsel, the practice of lodging hearsay complaints seems to have fallen off. Unless the Court deems it necessary, or unless the problem should reignite, the City does not feel it would be the best use of the Court's time or the officers' time who regularly assist the homeless to conduct an evidentiary hearing at this time.

### Extension of the Preliminary Injunction

Whether and to what extent the Preliminary Injunction should remain in effect, for how long, and with what changes, if any, is a large question, the answer to which will depend on a number of variables difficult to assess during the current pandemic. While we now have clarity regarding the *Boise* decision, the pandemic has complicated matters on the ground. Public health concerns, how best to protect the homeless population, especially those most vulnerable, the required safety and adequacy of congregate housing during a public health crisis, the potential need for enforcement to promote and assure public health, not to mention the fact that circumstances change rapidly, both on the ground, and in policies and guidelines issued by Federal and State authorities, all complicate the picture dramatically.

In light of this, defendant City would respectfully suggest that before the injunction be extended, the parties meet with the Court in chambers to discuss if or how the advent of the pandemic affects the injunction and what changes, if any, are warranted.

Date: April 15, 2020

CALIFORNIA RURAL LEGAL
ASSISTANCE, INC.

By: _____/s/_____

JEFFERY HOFFMAN
Attorneys for Plaintiffs


Date: April 15, 2020

BRUCE D. GOLDSTEIN, County Counsel

By:_____/s/_____

MATTHEW R. LILLIGREN
Attorneys for Defendants
County of Sonoma; Sonoma County
Community Development Commission


Date: April 15, 2020

SUE A. GALLAGHER, City Attorney

By:_____/s/_____

ROBERT L. JACKSON
Attorneys for City of Santa Rosa

—7—

(Additional Counsel for Plaintiffs continued)

Melissa A. Morris, SBN: 233393
Michael Rawson, SBN: 95868
PUBLIC INTEREST LAW PROJECT
449 15th Street, Suite 301
Oakland, CA 94612
Tel: (510) 891-9794; Fax: (510) 891-9727
Email: mmorris@pilpca.org
        mrawson@pilpca.org

Ilene J. Jacobs, SBN: 126812
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
511 D Street / P.O. Box 2600
Marysville, CA 95901
Telephone: (530) 742-7235; Fax: (530) 741-0854
Email: ijacobs@crla.org

Attorneys for Plaintiffs

ECF ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I, Jeffery Hoffman, attest that I have obtained concurrence in the filing of this document from the other signatories to this document.