SUE A. GALLAGHER, City Attorney (SBN 121469)
ROBERT L. JACKSON, Assistant City Attorney (SBN 101770)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404
Telephone:  (707) 543-3040
Facsimile:   (707) 543-3055

Attorneys for Defendant City of Santa Rosa

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - San Francisco Division

| | |
|---|---|
| NICHOLLE VANNUCCI, ELLEN BROWN and DEBORAH DRAKE, individuals; and HOMELESS ACTION!, an unincorporated association,<br><br>          Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, SONOMA COUNTY COMMUNITY DEVELOPMENT COMMISSION, CITY OF SANTA ROSA, and DOES I to XX,<br><br>          Defendants.<br>_____/ | CASE NO. 3:18-CV-01955-VC<br><br>**DECLARATION OF ROBERT L. JACKSON IN OPPOSITION TO MOTION TO ENFORCE AND CLARIFY PRELIMINARY STIPULATED INJUNCTION**<br><br>Date:  December 3, 2020<br>Time:  10:00 a.m.<br>Ctrm:   4, 17th Floor<br>Judge: The Hon. Vince Chhabria |

I, Robert L. Jackson, declare as follows:

1. I have personal knowledge of the facts set forth in this declaration and if called as a witness could and would competently testify thereto.

2. I am an Assistant City Attorney for the City of Santa Rosa and represent the City in this matter. I am a member of and regularly attend weekly meetings of the Homeless Action Team ("HAT") and the Homeless Encampment Assistance Pilot ("HEAP") team.

3. As the Court is well aware, I was involved in the discussions which led to the Stipulated Preliminary Injunction.  The Preliminary Injunction was not the product of a contested

1 hearing, but of prolonged settlement negotiations. Those settlement discussions were first
2 undertaken with the intent of resolving the lawsuit in its entirety and later, at the suggestion of
3 the Court, converted into a stipulated "trial run" injunction when it appeared a global resolution
4 was not yet possible.

5  4. As the discussions which led to the language of the Injunction took place in the
6 context of confidential settlement negotiations, I hesitate to discuss details in this filing.
7 However, as interpretation of the language of the Injunction is what is requested, the intent of the
8 parties is critical. Suffice it to say that the plaintiffs did not initially request that an "order or
9 directive to relocate" be included in the definition of an enforcement action and, when it was
10 discussed between the defendants, the County made clear it would not agree to such language as
11 it went beyond what the law required. The City joined in the County's position and the
12 stipulated Injunction did not include an order to relocate within the definition of an enforcement
13 action.

14  5. The City undertakes all enforcement actions and the closure of encampments with
15 careful consideration and consultation with the City Attorney's Office. I and the City Attorney
16 Sue Gallagher advise both HAT and HEAP on legal questions and particularly compliance with
17 the Injunction as encampment closures are contemplated, planned and executed. I am available
18 for consultation twenty four hours per day with SRPD officers and my personal cell phone
19 number has been distributed to members of the Police Downtown Enforcement Team should
20 advice be helpful or necessary.

21  6. Since the Injunction went into effect, and whenever possible, officers are
22 encouraged to refrain from citations or arrests for violations covered by the Injunction until first
23 consulting me.

24  7. After the Injunction went into effect, I drafted three written notices to be used
25 prior to closures of encampments for violation of camping ordinances: the "Notice of Planned
26 Removal of Property" (See Doc.134-5 attached as Exhibit 2 to Declaration of Nicole Catoe),
27 "Notice to Vacate Illegal Encampment on Public Property (Doc.134-23 attached as Exhibit 15 to
28 Declaration of Valerie Neils) and "Notice of Legal Rights" ( Doc 134-23 attached as Exhibit 15

1  to Declaration of Valerie Neils).The "Notice of Legal Rights" was recently modified after
2  negotiations with plaintiffs' counsel.
3      I declare under penalty of perjury under the laws of the State of California that the
4  foregoing is true and correct.
5      Executed on November 5, 2020, Santa Rosa, California.

*/s/ Robert L. Jackson*

_____

**ROBERT L. JACKSON**